# UNITED STATES *v.* CONGRESS CONSTRUC-
TION CO.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR
THE NORTHERN DISTRICT OF ILLINOIS.

No. 63.   Argued November 14, 15, 1911.—Decided December 4, 1911.

Jurisdiction of the Circuit Court is in issue under § 5 of the Judiciary
Act of March 3, 1891, c. 517, 26 Stat. 826, whenever the power of
the court to hear and determine the cause as defined or limited by
the Constitution or statutes of the United States is in controversy;
and that covers a case where the jurisdiction of the particular Cir-
cuit Court is questioned under the statute prescribing the form
and place of the action.

Under the Materialmen Act of August 13, 1894, c. 280, 28 Stat. 278,
as amended February 24, 1905, c. 778, 33 Stat. 811, an action for
performance of a bond given under such act can only be instituted
in the district in which the contract was to be performed.

A provision in a statute prescribing that an action shall only be
brought in a particular district operates *pro tanto* to displace the
provisions upon that subject in the General Jurisdiction Act of
1884, 25 Stat. 433, c. 866.

THE facts, which involve the jurisdiction of this court
under § 5 of the Judiciary Act of 1891 and of the Circuit
Court of actions on materialmen bonds, are stated in the
opinion.

*Mr. Assistant Attorney General Harr* for the United
States.

*Mr. Jesse R. Long,* with whom *Mr. Hobart P. Young*
was on the brief, for Pan-American Bridge Co., plain-
tiffs in error.

*Mr. Allen G. Mills* for defendant in error Crowen.

MR. JUSTICE VAN DEVANTER delivered the opinion of
the court.

This was an action by the United States against the
principal and sureties on a bond, given conformably to
the act of August 13, 1894, c. 280, 28 Stat. 278, as amended
February 24, 1905, c. 778, 33 Stat. 811, for the performance
of a contract for the construction of a public building,
and containing the required additional condition relating
to the payment of claims for labor and materials. As
stated in the declaration, the right of action arose out of
the fact that, although the building had been satisfactorily
completed and full payment therefor had been made to the
contractor, the latter had failed to make payment to
designated subcontractors who had furnished labor and
materials used in the construction of the building. The
action was brought in the Circuit Court of the district
whereof the defendants were inhabitants, which, as ap-
peared on the face of the declaration, was not the district
in which the contract was to be performed. The subcon-
tractors intervened and asked to have their claims ad-
judicated and judgment rendered thereon. The principal
in the bond did not appear, but the sureties appeared spe-
cially and interposed pleas to the jurisdiction upon the
ground that under the statute, conformably to which the
bond was given, power to entertain the action was vested
exclusively in the Circuit Court of the district wherein
the contract was to be performed. The pleas were sus-
tained and the action dismissed for want of jurisdiction,
whereupon this direct writ of error was sued out and the
jurisdictional question duly certified.

Before coming to that question it is necessary to consider
a motion to dismiss, wherein the position is taken that the
jurisdiction of the Circuit Court was not in issue in the
sense of the fifth section of the act of March 3, 1891, c.
517, 26 Stat. 826. The position evidently rests upon a mis-

conception of the true import of the clause, "In any case in which the jurisdiction of the court is in issue," in that section, as interpreted by repeated decisions of this court, which, with one accord, hold that the jurisdiction of a Circuit or District Court is in issue in the sense intended whenever the power of the court to hear and determine the cause, as defined or limited by the Constitution or statutes of the United States, is in controversy. The cases of *Louisville Trust Co.* v. *Knott*, 191 U. S. 225; *United States* v. *Larkin*, 208 U. S. 333, and *Fore River Shipbuilding Co.* v. *Hagg*, 219 U. S. 175, cited in support of the motion, do not conflict, but fully accord, with this holding. In the first case, as this court was careful to state, the power of the Circuit Court under the Federal law was not in controversy, but only its authority, in the exercise of that power, to proceed in harmony with recognized rules of law applicable alike to all courts, whether Federal or state, possessing concurrent jurisdiction. In the second case, neither the interpretation nor the operation of any statute defining or limiting the power of the District Court was in issue, but only the place of seizure of jewels sought to be forfeited as fraudulently imported, which was a subsidiary matter not amounting to a jurisdictional question in the sense of the statute. In the third case, the issue related, as was expressly said, to the applicability of a rule of law which was general in its nature and quite as controlling in other courts as in those of Federal creation. And so it was that in those cases the jurisdiction of the courts below was held not to have been in issue in the sense intended. On the other hand, in *Davidson Bros. Marble Co.* v. *United States ex rel. Gibson*, 213 U. S. 10, a case closely in point here, the application of the same guiding principle operated to sustain our jurisdiction. There, as here, the objection to the jurisdiction of the Circuit Court was that the action was brought in one district, when, under the Federal statutes, rightly interpreted, it should have been brought

in another. The objection was overruled, the case came
here upon a direct writ of error, and the ruling was re-
viewed and reversed; it being said in the opinion (p. 18):
" A party who is sued in the wrong district, and does not
waive the objection, may of right appear specially and
object to the jurisdiction of the court, and, the decision
being against his objection, may of right bring the ques-
tion directly to this court."

Here the jurisdiction of the Circuit Court, in the sense
of its power to entertain the action, in view of the statutory
provisions bearing upon the place for bringing such an ac-
tion, was directly in issue, and so the case is rightly here
upon a direct writ of error. The motion to dismiss is ac-
cordingly denied.

Whether or not, under the act of 1894 as amended in
1905, power to entertain the action was vested exclu-
sively in the Circuit Court of the district wherein the
contract was to be performed, is the question which was
presented to the court below and answered in the af-
firmative; and the correctness of that answer turns upon
the nature of the action and the provisions of the
statute.

According to the declaration, the contract for the con-
struction of the building had been satisfactorily per-
formed, full payment therefor had been made to the con-
tractor, the conditions of the bond had been breached
only by his failure to pay designated subcontractors for
labor and materials used in the construction of the build-
ing, and the object sought to be attained was the adjudica-
tion and enforcement of those demands, unaccompanied by
any pecuniary demand of the United States. Manifestly,
therefore, the action, although brought by the United
States, was essentially one in behalf of the subcontractors,
and the respective interests of the United States and the
subcontractors therein were in no wise different from what
they would have been had the action been brought in the

name of the United States by the subcontractors for the use and benefit of the latter.

The statute, whilst authorizing persons holding unpaid demands for labor or materials to bring such an action in the name of the United States, expressly requires that it be brought "in the Circuit Court of the United States in the district in which said contract was to be performed and executed, irrespective of the amount in controversy, *and not elsewhere,*" and also provides that only one such action shall be brought and that it shall be so instituted and conducted, in point of notice and otherwise, that all demands of that class may be adjudicated therein and included in a single recovery.

Considering the purpose of the statute, as manifested in these provisions, we think the restriction respecting the place of suit was intended to apply, and does apply, to all actions brought in the name of the United States for the purpose only of securing an adjudication and enforcement of demands for labor or materials, whether instituted by the United States or by the creditors themselves. The reasons for the restriction are as applicable in the one instance as in the other, and it is difficult to believe that it was intended that it should be less potent when the United States acts for the creditors than when they act for themselves. The contention to the contrary is rested largely upon the supposition that, in instances like the present, where the defendants, or some of them, are inhabitants of another district, there is an insuperable barrier to the maintenance of the action in the district wherein the contract was to be performed. But this supposition is a mistaken one, for the provision restricting the place of suit operates *pro tanto* to displace the provision upon that subject in the General Jurisdictional Act, 25 Stat. 433, c. 866, § 1, and amply authorizes the Circuit Court in the district wherein the action is required to be brought to obtain jurisdiction of the persons of the defendants through

the service upon them of its ⸝process in whatever district they may be found.

We conclude that the question of jurisdiction was rightly resolved by the Circuit Court, and its judgment is affirmed.

*Affirmed.*