## In re HAWLEY.

### (District Court, W. D. Washington, N. D. March 28, 1912.)

### No. 4,333.

BANKRUPTCY (§ 318*)—JURISDICTION—ALLOWANCE OF CLAIMS AGAINST UNITED STATES CONTRACTORS.

One furnishing materials to a subcontractor of a general contractor of the United States, who gave bond in conformity to Act Cong. Feb. 24, 1905, c. 778, 33 Stat. 811 (U. S. Comp. St. Supp. 1905, p. 493), whereby he assumed an obligation to pay all persons supplying labor or materials in the prosecution of the work, must, as required by the statute, intervene in a suit by the government, or, where the government does not sue on the bond, he must commence an independent action on the bond in the United States Circuit Court for the district in which the contract was to be performed, and the jurisdiction of that court is exclusive, and an unliquidated demand for such materials is not provable under the bankrupt law against the estate of the general contractor becoming a bankrupt.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 481, 482; Dec. Dig. § 318.*]

In the matter of the bankruptcy of H. W. Hawley, a bankrupt. On petition for review of a referee's decision rejecting an unliquidated claim. Affirmed.

Kerr & McCord, for petitioner.

Bausman & Kelleher and James A. Snoddy, for respondents.

HANFORD, District Judge. The Roslyn Cascade Coal Company, a corporation, filed its claim against the above-named bankrupt, which, after a hearing before Hon. John P. Hoyt, as referee, has been rejected and disallowed. The material facts to be considered are that the bankrupt was a general contractor with the United States for the construction of certain governmental works at Sunnyside, Wash.; that one Angus Griffin was a subcontractor for part of said work, and the petitioner sold to him coal, which was used to produce steam for the engines employed in the carrying on of his work. The claim itself, as verified and filed, represents that the Roslyn Cascade Coal Company has an unsecured claim against the bankrupt estate for the price of coal sold and delivered to A. Griffin for use and benefit of H. W. Hawley, and no part of said debt has been paid, that there are no offsets or counterclaims, that no note has been received for such debt, and no judgment has been rendered thereon, and no manner of security whatever has been received.

The case appears to have been argued and decided by the referee upon a verbal statement of facts, which includes an admission, as a material fact, that Hawley, the bankrupt, as a contractor for public work of the United States government, gave a bond conforming to the requirements of the act of Congress of February 24, 1905 (33 U. S. Stat. 811; 10 F. S. A. 343; Compiled Stat. of the U. S. Supplement 1905, p. 493; Pierce's Fed. Code, § 9625), whereby the contractor assumed an obligation to promptly make payments to all per-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sons supplying him with labor or materials in the prosecution of the work undertaken. The bankrupt did not purchase the coal, nor promise to pay for it, nor become obligated to the vendor in any way or manner otherwise than as an obligor named in said bond. By a stipulation the case has been submitted to the court upon briefs without oral arguments, and the brief supporting the claim states the questions to be decided as follows:

"There are only two questions involved in this controversy: First, the question as to whether or not the coal used in the manner set out in claimant's petition is included in the expression 'labor and materials for the prosecution of the work provided for'; and, second, the question as to whether or not, in the event of this coal having been furnished to a subcontractor, instead of to the contractor, the validity of this claimant's claim would be affected."

It is apparent that the prosecution of this claim is equivalent to a suit upon the bond to enforce the obligation thereof in a court which does not have jurisdiction. The rights of the parties are defined by the statute which exacted the bond, and by that statute suppliers of materials used in the prosecution of contract work for the government, claiming the right to have recourse upon the bond, must proceed in a prescribed manner; that is to say, they must either intervene in a suit prosecuted by the government, or, if the government does not sue on the bond, they must within a limited time commence an independent suit upon the bond in the United States Circuit Court for the district in which the contract was to be performed and executed. The jurisdiction of that court is by an express provision of the statute made exclusive, and the statute also provides that only one action upon the bond shall be maintainable, and it must be so conducted that all demands against the obligors may be litigated and adjusted, and that the money recoverable shall be distributed pro rata, if the amount thereof shall be insufficient to pay the full amount of all the claims which may be proved. United States v. Congress Construction Co., 222 U. S. 199, 32 Sup. Ct. 44, 56 L. Ed. ——. There is no other way in which claims against the obligors can be liquidated, and an unliquidated claim is not provable against the estate of a bankrupt under the bankrupt law. For this reason the court is obliged to disallow this claim, without deciding either of the questions which have been argued.

Let an order be entered confirming the disallowance of the claim.