## WHEELER v. FARLEY et al.
### No. 259–J.

District Court, S. D. California, Central Division.

June 6, 1934.

L. E. Dadmun, of Los Angeles, Cal., for petitioner.

The United States Attorney, of Los Angeles, Cal. (by M. G. Gallaher, Asst. U. S. Atty., of Los Angeles, Cal.), for respondents.

JAMES, District Judge.

Plaintiff brought this action to secure a decree against the Postmaster General and the separate defendants, who are, respectively, the Postmaster at Los Angeles and the Postmaster at San Francisco, enjoining them from enforcing an order made by the Postmaster General excluding from the mails matter addressed to the plaintiff, Wheeler, who is a practicing physician. The alleged basis for the order was that the plaintiff used the mails to secure money from persons under the representation that he could through treatment with glandular extracts cure or benefit a great number of diseases. A citation was first issued to plaintiff by the Postmaster General to show cause why the fraud order should not be made, and the plaintiff attended at the Postmaster General's office where a hearing was had which extended over many days. The record of the testimony heard was submitted here for consideration. No service of subpœna was made on the Postmaster General and both the Postmaster General and the individual defendants, through the United States Attorney, moved to dismiss the case. A special appearance was made for this purpose and in a memorandum order I denied the motion. The order to show cause having later come on to be heard, all of the objections made by the defendants were repeated and were urged as against any right in the plaintiff to have a temporary injunction or to proceed with his case further.

I have taken time to read completely the record of the hearing which was had before the Postmaster General, and have made a more complete investigation of the law under the contentions urged by the United States Attorney. My first view was that, in substance, the claim of the plaintiff rested upon the contention that the order of the Postmaster General was void and that the court would have jurisdiction over the Postmaster and that the Postmaster General was not an indispensable party. It is clear enough, of course, that the acts of the Postmasters which are complained of are acts in compliance with the orders of the Postmaster General, the Postmasters using no discretion or judgment whatsoever. My first conclusion was influenced largely by the decision in Colorado v. Toll, Park Superintendent, 268 U. S. 228, 45 S. Ct. 505, 506, 69 L. Ed. 927, which was an action to enjoin the superintendent of a national park from enforcing certain regulations for the government of the park. The court there held that the superintendent could be sued alone, saying: "There is no question that a bill in equity is a proper remedy and that it may be pursued against the defendant without joining either his superior officers or the United States." If the relative situation as between the superior officer of the park superintendent and the park superintendent, there, is similar to the relation between the Postmaster General and the postmaster, there would be no question but that that decision would be authority for the preliminary ruling made here, particular issues aside. However, I find that the Court of Appeals for our circuit recently made a decision in Moore v. Anderson, 68 F.(2d) 191, reported in pamphlet sheets of February 26, 1934, which holds that the Secretary of the Interior is an indispensable party where acts of his subordinates done at his direction are questioned. The court there considered the Toll Case which I have referred to, and distinguished that case by saying that in the Toll Case the superintendent of the park was seeking to enforce regulations beyond the authority conferred by act of Congress, and interfering with the sovereign rights of the state. The Circuit Court

decision is clearly in point in sustaining the position of the United States Attorney as to the necessity for the presence of the Postmaster General in this action before any relief is authorized to be given.

The Postmaster General was in fact made a party. As he was not brought into the court by any service admitted to be regular, the action cannot proceed. The question then will remain whether this officer of the government may be served outside of the district. In the case of First National Bank v. Williams, Comptroller, 252 U. S. 509, 40 S. Ct. 372, 373, 64 L. Ed. 690, the Supreme Court had under consideration the question as to whether a national bank could enjoin the Comptroller and compel his appearance in a local District Court. The court preliminarily there stated: "Generally, a District Court cannot acquire jurisdiction over an individual without service of process upon him while in the district for which it is held. But here a national bank seeks to enjoin the Comptroller, and the claim is that by statutory direction the proceeding must be had in the district where the association is located, and not elsewhere." The court then considered the statute there applicable, which did provide that suits by national banks to enjoin the Comptroller should be brought in the district where the national bank was resident. While there was in that statute no permission directly expressed that the Comptroller might be served out of the district, the court concluded that such permission was necessarily implied, and that the special statute restricting the right of the bank to sue, to the district of its residence, displaced the other general requirements as to service within the district and authorized "service of process upon defendant wherever found." There was cited U. S. v. Congress Construction Co., 222 U. S. 199, 32 S. Ct. 44, 56 L. Ed. 163, as sustaining that holding. The ruling there made was one of necessity, otherwise the authorization to the national bank to sue would have been futile. Those cases in their plain implication hold that unless there are special statutory provisions authorizing service on an officer of the government outside the district where the suit is brought, such service may not be made and no jurisdiction over the officer may be obtained. This unless the officer voluntarily appears and consents that the court take jurisdiction over him.

The plaintiff has the plain right, of course, to bring his proceeding in the District of Columbia. Holding, as I must under the authorities referred to, that the Postmaster General is an indispensable party, no injunction can be allowed to affect the actions of the Postmasters in carrying out the orders of the head of their department. Likewise, the whole proceeding is brought to a standstill and there is no way by which the plaintiff can so establish himself before the court as to authorize any further action to be here taken.

Having reached the conclusions above expressed, it would be wholly gratuitous should I enter upon a discussion of the evidence as it was presented before the Postmaster General. However, I may say that from my close reading of the record, and considering the great power to decide that is given to the Postmaster General in relation to fraud orders, I cannot say that that order lacked support of any evidence whatsoever. To authorize a court to disturb such orders it must appear that they are arbitrary. I think, from the whole case as made out, the conclusion might well be made that the plaintiff here, in his advertisements and claims represented to prospective patients that he could cure or greatly improve their condition when suffering from serious ailments, when in fact such claims were beyond the known experience of himself and the medical profession.

Under the conclusions first expressed, I am compelled to sustain the objections of the defendants and direct that the proceeding be dismissed. It is so ordered. An exception is noted in favor of the plaintiff.