**TEXAS CONSTRUCTION COMPANY and United States Fidelity and Guaranty Co., Appellants,**

**v.**

**UNITED STATES of America for the use of CALDWELL FOUNDRY AND MACHINE COMPANY, Inc., Appellee.**

**No. 16014.**

United States Court of Appeals
Fifth Circuit.

June 28, 1956.

Donald G. Gay and John Plath Green, Dallas, Tex., for appellants.

William Burrow, Dallas, Tex., Eugene H. Hawkins, W. Bruce White, Birmingham, Ala., Hawkins Golden, Dallas, Tex., Leake, Henry, Golden & Burrow, Dallas, Tex., and Smyer, Smyer, White & Hawkins, Birmingham, Ala., for appellee.

Curtis White, John Fox Holt, Dallas, Tex., amici curiae.

Before TUTTLE, CAMERON and JONES, Circuit Judges.

TUTTLE, Circuit Judge.

This appeal comes to us in an effort by the appellants to avoid the effect of a judgment entered in favor of the United States as use plaintiff for Caldwell Foundry and Machine Company, Inc. on a bond given under the Miller Act.[1] The judgment of the trial court, which was entered on a mandate issued by this Court, rejected the appellants' belated contention that the District Court for the Northern District of Texas was without jurisdiction to try or otherwise deal with the case.

The action was originally filed in the court below relying specifically on the terms of the Miller Act. It also asserted the necessary jurisdictional facts to warrant the bringing of a suit on the grounds of diversity of citizenship, if such a cause of action was pleaded. The principal issue on the original trial was as to the responsibility, and thus legal liability, for certain delays in the performance of the contract sued on. The trial court held in favor of the defendant below, the general contractor, which, with its surety, is the appellant here. On appeal to this Court we reversed and remanded to the trial court to enter judgment for the plaintiff, the present appellee.[2]

The appellant being dissatisfied with this decision filed its petition for certiorari to the Supreme Court, raising for the first time its contention that the District Court that tried the case was without jurisdiction because the contract involved was "to be performed" in the Eastern District of Texas and under the terms of the Miller Act no other court had the power to entertain such a suit. The Supreme Court denied certiorari.[3]

Thereafter, when the appellee moved in the trial court for a judgment on the mandate from this Court, appellant replied by raising the jurisdictional question. The trial court overruled all pleas asserting lack of jurisdiction, and entered judgment for appellee Caldwell in accordance with the mandate and for interest and attorneys' fees.

 We are first concerned with the motion to dismiss the appeal. The grounds for dismissal are dual in nature. The first, that appellants failed to comply with the rules of this Court as to the time of docketing the appeal, does not, it seems to us, constitute a very satisfactory basis for terminating this litigation if a substantial point is raised on appeal. We do not wish to encourage a disregard of the rules, if such there was, but except where the time for filing or docketing is jurisdictional, and thus binding on the Court itself, we do not consider it necessary in every case to apply the harsh penalty of dismissal whenever the rule is violated.[4] The second, that the law of the case has already determined the issue here sought to be raised, is without merit. Neither this Court nor the Supreme Court has passed on the question as to whether the District Court had the power to try this lawsuit. The fact that the Supreme Court denied certiorari in a case where the petition asserted this point is not an adjudication of anything.[5] The question was never before this Court for decision. The fact that the case had progressed to the point where a mandate of this Court had directed that final judgment be entered for one of the parties, does not

---

1. 40 U.S.C.A. §§ 270a–270d.

2. Our opinion concluded: "Accordingly, the judgment is reversed and the cause remanded with directions to enter judgment for the appellant, plaintiff below." 5 Cir., 224 F.2d 289, 293.

3. 350 U.S. 895, 76 S.Ct. 154.

4. See Pyramid Motor Freight Corporation v. Ispass, 330 U.S. 695, 67 S.Ct. 954, 91 L.Ed. 1184, and Moore's Federal Practice, ¶73.29(2).

5. House v. Mayo, 324 U.S. 42, 48, 65 S.Ct. 517, 89 L.Ed. 739; City of Indianapolis v. Chase National Bank, 314 U.S. 63, 62 S.Ct. 15, 86 L.Ed. 47.

prevent the Court from considering whether the suit was properly before it if its jurisdiction of the cause of action is challenged. In Vallely v. Northern Fire & Marine Insurance Co., 254 U.S. 348, 41 S.Ct. 116, 117, 65 L.Ed. 297, the Supreme Court held that the jurisdictional issue could still be raised after (1) service of process, default, judgment and no appeal, and (2) acquiescence and cooperation by the party later seeking to raise the issue. The Court there said when courts go beyond their jurisdiction "their judgments and orders are regarded as nullities * * * not voidable, but simply void." 245 U.S. 348, 353, 354, 41 S.Ct. 116, 117. The motion to dismiss must be denied.

■ The principal issue on appeal is that presented by appellants' contention that Section 270b(b) of the Miller Act gives power to try a Miller Act case only to the district court of the district in which the contract is to be performed and that no other district Court can acquire jurisdiction over the cause even by the consent of the parties. In other words, the appellants contend that this is a jurisdictional as distinguished from a venue statute.

In effect, the answer made by the appellee here is that the language "shall be brought * * * in any district in which the contract was to be performed and executed and not elsewhere," merely gave the defendant in such a suit the right to object if a suit was brought in another district, but did not restrict the power of the court to act if no such objection was made. Both parties here concede that, upon proper motion, the defendant in a case brought in a district other than that in which the contract was to be performed could require a dismissal of the action as being in the wrong venue. Appellants also concede that if the Court holds this to be a venue statute rather than one affecting jurisdiction of the Court, then their failure to move by timely motion to attack the venue would be fatal to their cause here.

■ This precise question has not been decided by any federal court. The appellants point with confidence to the early case of United States v. Congress Construction Co., 222 U.S. 199, 32 S.Ct. 44, 56 L.Ed. 163, as being determinative of the issue. That was a case arising under the so-called Heard Act, a predecessor to the Miller Act, and one which had as its purpose the same end of protecting unpaid subcontractors and materialmen on government contracts. It may well be said that where a provision in the subsequent Act is identical with that in the prior law, and no change in other provisions of the new statute indicate an intent by Congress to depart from the court's construction of the former, such construction should normally be equally binding as though the particular section had itself been construed; unless, of course, the court itself has changed its position.[6]

The statute upon which the suit was brought appears as 40 U.S.C.A. §§ 270a–270d. The essential parts of it, so far as the point in controversy is concerned, are 270a(a) (1) and the first sentence in 270a(a) (2), the first sentence of 270b (a) and the first sentence of 270b(b).[7]

6. See Fleisher Engineering & Construction Co. v. United States, 311 U.S. 15, 17, 61 S.Ct. 81, 85 L.Ed. 12.

7. "§ 270a. Bonds of contractors for public buildings or works; waiver of bonds covering contract performed in foreign country.

"(a) Before any contract, exceeding $2,000 in amount, for the construction, alteration, or repair of any public building or public work of the United States is awarded to any person, such person shall furnish to the United States the following bonds, which shall become binding upon the award of the contract to such person, who is hereinafter designated as 'contractor':

"(1) A performance bond with a surety or sureties satisfactory to the officer awarding such contract, and in such amount as he shall deem adequate, for the protection of the United States.

"(2) A payment bond with a surety or sureties satisfactory to such officer for the protection of all persons supplying labor and material in the prosecution of

The Heard Act that was in effect before being superseded by the Miller Act in 1935, also sought to protect the United States and all persons supplying labor or materials on public works. It achieved this result, somewhat imperfectly, by providing for a single bond on which the United States alone could sue during the first six months, with the right of others to intervene, but on which any one creditor could file suit in the name of the United States after expiration of six months. Only one such suit could be filed by the entire group of creditors and the one on first filing was required to give notice by publication in a newspaper of general circulation, published in the state or town where the contract was being performed, and was also required to give personal notice to all known creditors. The comparable language of the Heard Act to that here in issue also provided that such creditor was "authorized to bring suit in the * * * [district] court of the United States in the district in which said contract was to be performed and executed, irrespective of the amount in controversy in such suit, and not elsewhere. * * *" 33 Stat. 812.

In the Congress Construction Company case, supra, the Supreme Court had this clause for construction. The suit in that case was filed in a district other than that in which the contract was to be performed. The defendant in that case filed a plea to the jurisdiction. The trial court sustained this plea and an appeal was taken direct to the Supreme Court of the United States under the then existing law which permitted appeals direct to that court where "jurisdiction" was involved. The Supreme Court there said:

"Here the jurisdiction of the circuit [now district] court, in the sense of its power to entertain the action, in view of the statutory provisions bearing upon the place for bringing such an action, was directly in issue, and so the case is rightly here upon a direct writ of error." 222 U.S. at page 202, 32 S.Ct. at page 45.

The Court further said:

"Whether or not, under the act of 1894, as amended in 1905, power to entertain the action was vested exclusively in the circuit court of the district wherein the contract was to be performed, is the question which was presented to the court below and answered in the affirmative; and the correctness of that answer turns upon the nature of the action and the provisions of the statute." 222 U.S. at page 202, 32 S.Ct. at page 45.

The Court then analyzed the terms of the Heard Act, commenting particularly that it

"also provides that only one such action shall be brought, and that it shall be so instituted and conducted, in point of notice and otherwise, that all demands of that class may be adjudicated therein and included

---

the work provided for in said contract for the use of each such person * * *.

"§ 270b. Same; rights of persons furnishing labor or material.

"(a) Every person who has furnished labor or material in the prosecution of the work provided for in such contract, in respect of which a payment bond is furnished under section 270a of this title and who has not been paid in full therefor before the expiration of a period of ninety days after the day on which the last of the labor was done or performed by him or material was furnished or supplied by him for which such claim is made, shall have the right to sue on such payment bond for the amount, or the bal-

ance thereof, unpaid at the time of institution of such suit and to prosecute said action to final execution and judgment for the sum or sums justly due him. * * *

"(b) Every suit instituted under this section shall be brought in the name of the United States for the use of the person suing, in the United States District Court for any district in which the contract was to be performed and executed and not elsewhere, irrespective of the amount in controversy in such suit, but no such suit shall be commenced after the expiration of one year after the date of final settlement of such contract. * * *"

in a single recovery." 222 U.S. at page 203, 32 S.Ct. at page 46.

The Court then made the following observation:

"Considering the purpose of the statute, *as manifested in these provisions*, we think the restriction respecting the place of suit was intended to apply, and does apply, to all actions brought in the name of the United States, for the purpose only of securing an adjudication and enforcement of demands for labor or materials, whether instituted by the United States or by the creditors themselves." (Emphasis supplied.) 222 U.S. 199, 203, 32 S.Ct. 44, 46.

A careful reading of this case discloses the fact that the question the Court there had to decide was whether the particular provision of the Heard Act superseded the provisions of the General Jurisdictional Act, then in effect, 25 Stat. 433, c. 866, § 1, and not whether, if it did, it was a question of "jurisdiction," as now understood, as contrasted to venue. Doubtless the reason that the Court did not direct its attention to this question was twofold. The first was that an attack was made in the trial court by the defendant in just such a manner as must be made if a defendant seeks to attack a suit on the ground that it is laid in the wrong venue. Thus, whether the statute was a venue statute or a jurisdictional statute, the opinion of the Supreme Court would have been the same. The other reason is that this case was decided by the Court at a time when the concept of jurisdiction as applying to the place for bringing the action had been erroneously announced by that Court in Ex parte Wisner, 203 U.S. 449, 27 S. Ct. 150, 51 L.Ed. 264, as being identical with the concept of jurisdiction in relation to the power of the Court to entertain the action. We say "erroneously announced" because the Court, in Lee v. Chesapeake & Ohio R. Co., 260 U.S. 653, 43 S.Ct. 230, 67 L.Ed. 443, decided in 1923, specifically overruled that holding by the Court in the Wisner case.

Thus it is that we find it necessary to approach cautiously any reliance upon the decision by the Supreme Court in the intervening period which deals with this confused problem. This is all the more so because the Court, in Lee v. Chesapeake & Ohio R. Co., supra, was construing a section of the statute which appears to us to be as positive a limitation on the place where a suit could be brought as is the language in the Heard and Miller Acts. There, the Court in construing Section 51 of the then Judicial Code, found the following language:

" '* * * No civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant." 260 U.S. at page 655, 43 S.Ct. at page 231.

No more positive statement could be made as to where a suit could be "brought" than that. Not even the language "shall be brought in the * * * district in which the contract was to be performed and executed and not elsewhere." The Supreme Court said:

"It is a necessary conclusion from repeated decisions, going back to the original Judiciary Act of 1789 that this provision does not limit the general jurisdiction of the District Courts or withdraw any suit therefrom, but merely confers a personal privilege on the defendant, which he may assert, or may waive, at his election, and does waive if, when sued in some other district, he enters an appearance without claiming his privilege." (Citing authorities.) 260 U.S. 653, 655, 43 S.Ct. 230, 231.

What is there said by the Court is equally applicable to this special statute. Paragraph b(a) of Section 270 creates the right in any laborer or materialman to sue on the bond and thus places the general power in the courts of the United States to entertain such a cause of action. Paragraph b(b)

states where such suits are to be "brought." This paragraph corresponds to the venue provision of the Judicial Code represented by Section 51, to which the Supreme Court referred in the Lee case. We think it clear that the distinction made between jurisdiction and venue in that later decision destroys the validity of the Congress Construction Company case as authority for appellants' position.

Moreover, we think it quite clear that the difference in the action authorized under the Miller Act from that contemplated under the Heard Act would also justify our placing a different construction on the critical language of the later law. As will be noted from the language quoted above from the Congress Construction Company case, the Court there commented particularly on the provision of the Miller Act limiting the relief to a single suit by one of the class of creditors. It thus became essential that the place of such action be considered as a strict condition of the bringing of the suit since the right of all creditors might be completely cut off unless those conditions were strictly complied with. Such is not the case under the provisions of the Miller Act. Each individual creditor has the right to file his own lawsuit without regard to other pending actions. He is not in jeopardy of losing his rights if he fails to intervene in another creditor's pending suit. On this ground also we feel that the requirement as to the district in which suit may be filed, contained in the Miller Act, is only one for the benefit of the defendants and may thus be waived by them, as may any other question of venue.

Other special statutes have received this construction of provisions fixing the place of bringing suit subsequent to the Congress Construction Company case. See Hoiness v. United States, 335 U.S. 297, 69 S.Ct. 70, 93 L.Ed. 16, where a "jurisdictional" provision of the Suits in Admiralty Act, 46 U.S.C.A. § 742 was involved, and Panama R. Co. v. Johnson, 264 U.S. 375, 44 S.Ct. 391, 68 L. Ed. 748, which had for construction a provision relating to the place of bringing suit under the Jones Act, 46 U.S.C.A. § 688. We conclude that this view should prevail here.

Having concluded that the jurisdictional point is not good because the statute is a restriction only on venue rather than on the power of the court to entertain the suit, we do not need to pass on the other grounds on which the district court overruled the plea to the jurisdiction. Thus we do not need to decide whether the fact that some work was done on the contract within the Northern District of Texas would satisfy the requirement of the statute, if it were a jurisdictional statute, that suit be brought "in any district" in which the contract was to be performed; or whether jurisdiction could be retained because the complaint alleged a cause of action between citizens of different states and the suit was thus not solely a Miller Act case; or that jurisdiction was acquired by the Court, even though not previously existing, when the defendant below filed its counterclaim; nor, finally, that the Northern District had jurisdiction under the jurisdictional statute providing for actions on bonds generally. 28 U.S.C.A. § 1352.

There remains only the request of appellee that provision be made for attorneys' fees, in addition to those heretofore provided for by the judgment of the trial court. We hold that upon the affirmance of the judgment of the trial court and the return of the mandate, the question of attorneys' fees for services performed subsequent to the allowance heretofore made, may appropriately be passed upon by the trial court.

The motion to dismiss is Denied.

The judgment is Affirmed with directions.