UNITED STATES of America, for the Use and Benefit of FAIRBANKS MORSE and COMPANY, Plaintiff,

v.

BERO CONSTRUCTION CORPORATION, American Surety Company of New York and Travelers Indemnity Company, Defendants.

United States District Court
S. D. New York.
Jan. 14, 1957.

Harry L. Jessop, New York City, for plaintiff.

Hamilton & Freeman, New York City, Mahlon A. Freeman, New York City, of counsel, for defendants.

FREDERICK VAN PELT BRYAN, District Judge.

This is an action under 40 U.S.C.A. §§ 270a to 270d to recover the sum of $5,-380 as the unpaid balance of the purchase price of machinery and equipment sold by plaintiff Fairbanks Morse and Company to A. L. Wright Co., Inc., a sub-contractor of defendant Bero Construction Corporation. The machinery and equipment so purchased was to be installed by the subcontractor under a contract between Bero and the United States Government for the construction of naval installations at Oceania, Virginia. The action is brought upon the payment bond executed by defendant Bero as principal and the two other defendants as sureties and furnished by Bero pursuant to 40 U.S.C.A. § 270a in order to qualify for the award of the Government contract. The bond is conditioned upon the prompt payment of suppliers of labor and materials used in the performance of the contract. The sub-contractor, A. L. Wright Co., is not named as a party defendant. .

Under Section 270b persons furnishing labor and materials in the prosecution of work called for by a Government construction contract, whether furnished to the principal contractor or his subcontractors, may bring suit for the amounts due therefor upon the payment bond furnished by the principal contractor and his sureties under Section 270a. Section 270b further provides:

"Every suit instituted under this section shall be brought * * * in the United States District Court for any district in which the contract was to be performed and executed and not elsewhere * * *."

Defendants' answer sets up an affirmative defense alleging that the action is improperly brought in this District Court, that it should have been brought in the District Court for the Eastern District of Virginia where the Government construction contract was to be performed and executed, and that therefore this Court is without jurisdiction of the action. It also contains an "affirmative defense set-off and counterclaim" seeking affirmative judgment against the plaintiff in the sum of $5,750 alleged to have been spent by Bero "for the account of the plaintiff" because of alleged failure on plaintiff's part to deliver machinery and equipment in accordance with the contract between it and Bero's sub-contractor. The reply to the counterclaim is in substance a general denial.

Suits under Section 270b may not be commenced "after the expiration of one year after the date of final settlement of such contract". Plaintiff, conscious that the one-year period for the commencement of its action under this section expires in February 1957, moves for the following relief, presumably in the alternative: (a) a ruling upon the issues of jurisdiction raised by defendant's answer, or (b) removal of the ac-

tion to the United States District Court for the Eastern District of Virginia, or (c) permission "to discontinue" this action so that plaintiff may commence another action in the Eastern Virginia District.

Plaintiff's theory is that the contract which determines where the action must be brought under Section 270b is the contract between itself and Bero's subcontractor, A. L. Wright Co., which, as has been pointed out, is not a party to this action. Even if plaintiff's theory were correct, it appears that the contract for purchase of machinery and equipment between it and the Wright Company called for delivery "f. o. b. Beloit, Wisconsin" where plaintiff's factory was located. The contract with the subcontractor would therefore have been performed and executed in Wisconsin rather than in the Southern District of New York, 2 Williston, Contracts § 348 (Rev. ed. 1936).

■ But the plaintiff is quite wrong in its theory. The contract "to be performed and executed" referred to in Section 270b as determinative of where suit thereunder must be brought, is not the contract between the sub-contractor and the supplier, but the contract between the principal contractor, defendant Bero, and the Government in connection with which the payment bond in suit was posted.

■■ Jurisdiction under the statute is therefore vested solely in the District Court for the Eastern District of Virginia where such contract was to be performed and executed. The requirement that the action be brought in the District where the contract was to be performed and executed is a jurisdictional requirement. It is not met by bringing suit in this District which has no jurisdiction over the controversy. United States, to Use of New York Plumbers' Specialties Co. v. Silverburgh Construction Co., D.C.E.D.N.Y., 10 F. Supp. 121; United States, for Use and Benefit of Johnson v. Morley Construction Co., D.C.W.D.N.Y., 17 F.Supp. 378.

■ I shall treat plaintiff's request for a ruling on the affirmative defense of lack of jurisdiction as a motion to strike that defense and such motion is denied upon the grounds indicated.

■ Moreover, since this action was improperly brought in this District under Section 270b and this Court has no jurisdiction over it, it may not be removed to another District but must be dismissed. United States v. Congress Construction Co., 222 U.S. 199, 32 S.Ct. 44, 56 L.Ed. 163; United States, to Use of New York Plumbers' Specialties Co. v. Silverburgh Construction Co., supra. Plaintiff's request for removal of the action to the Eastern Virginia District is also denied.

■ Plaintiff makes a request for permission "to discontinue" the action. This is presumably meant to be a motion to dismiss at plaintiff's instance pursuant to Rule 41(a) (2), Fed.Rules Civ. Proc. 28 U.S.C.A. However, this rule provides:

> "If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court".

■■ As has been pointed out, the defendants have interposed what they denominate as an "affirmative defense set-off and counterclaim" under which, in addition to other relief, they seek affirmative judgment against the plaintiff in the sum of $5,750. In so far as these allegations constitute an affirmative defense and set-off, they would fall with the dismissal of the plaintiff's action. However, the counterclaim stands on a different footing. Unless the counterclaim "can remain pending for independent adjudication by the court" within the meaning of Rule 41(a) (2), the plaintiff may not be permitted a voluntary dismissal.

■ The allegations comprising the counterclaim proceed upon the theory that plaintiff is liable to defendant Bero for expenses alleged to have been paid by Bero for plaintiff's account due to plain-

tiff's breach of its contract of sale with Bero's sub-contractor by furnishing machinery and equipment not in accordance with the sales contract. No contractual relationship between the plaintiff and the defendants is pleaded in these allegations and there is at least a question as to whether the counterclaim would not be subject to dismissal on the merits for failure to state a claim if appropriate motion were made therefor. However, no such motion has been made and this question is not before me.

It appears from all of the allegations in the action that this Court has jurisdiction of the parties and of the controversy pleaded by the counterclaim. As long as the Court has jurisdiction of the parties and of the controversy, the counterclaim may remain pending for independent adjudication by the Court. 3 Moore, Federal Procedure para. 1315, p. 41. Such independent adjudication would be made either by a dismissal, if it should be determined that no claim is stated, or such other adjudication as may be had during the course of the proceedings. Therefore, the fact that this counterclaim has been interposed is no bar to the granting of plaintiff's motion for a voluntary dismissal.

Plaintiff's motion for a dismissal at its own instance is granted, with costs to the defendant, but without prejudice to a new action by plaintiff in the Eastern District of Virginia. In view of this disposition of the main action it may be that the defendants will elect to withdraw their counterclaim. If so, appropriate provision may be made in the order to be entered on this motion for the voluntary dismissal of the counterclaim by defendants, without costs and without prejudice. Otherwise the counterclaim will remain pending in this Court subject to such further proceedings with reference thereto as may be taken by the parties, and without prejudice to a motion by defendants for its removal to the Eastern District of Virginia.

Settle order on notice.