UNITED STATES of America for the Use of Tom G. DILLINGHAM and Commercial Standard Insurance Company, a Texas corporation, Plaintiffs,

v.

John R. McCARTY and Julian McFall, Jr., partners doing business as Mack Construction Company, W. E. Best, an individual, and Trinity Universal Insurance Company, a Texas corporation, Defendants.

Civ. A. No. 6172.

United States District Court
D. Colorado.

March 27, 1959.

Grant, Shafroth & Toll, and Royce D. Sickler, Denver, Colo., for plaintiffs.

Wood, Ris & Hames and Wm. K. Ris, Denver, Colo., for defendants.

ARRAJ, District Judge.

This matter came on before the Court on motions to quash service of summons as to defendants McFall and Best. The action was brought under provisions of the Miller Act, 40 U.S.C.A. §§ 270a through 270d. Service on McFall and Best could not be obtained in the District of Colorado, and pursuant to authority granted by an Order of this Court, the summons and complaint were served upon them in Wichita Falls, Texas. The motions to quash were grounded on the contention that " * * * no statute of the United States provides for service in this (Miller Act) case beyond the territorial limits of the State of Colorado * * *"

Section 270b(b) of 40 U.S.C.A. provides:

"Every suit instituted under this section shall be brought in the name of the United States for the use of the person suing, in the United States District Court for any district in which the contract was to be performed and executed and not elsewhere * * *"

The contract here was to be performed and executed in Colorado; consequently, the action had to be filed in this District. Plaintiffs are not bound to anticipate a waiver of this provision by the defendants. Cf. Texas Construction Co. v. United States for Use of Caldwell Foundry & Machine Company, 5 Cir., 1956, 236 F.2d 138.

It is the opinion of this Court that the holding in United States v. Congress Construction Co., 1911, 222 U.S. 199, 32 S.Ct. 44, 56 L.Ed. 163 is dispositive of the question raised by the motion here. In that case the action against the principal and the sureties on the bond was brought in a district other than the one in which the contract was to be per-

formed. The case was dismissed for want of jurisdiction and on appeal the dismissal was affirmed. This action was brought under the Heard Act, 33 Stat. p. 812, which provided that the action be brought

"in the circuit court of the United States in the district in which said contract was to be performed and executed, irrespective of the amount in controversy, * * * and not elsewhere, * * *"

It is noted that the above portion of the Heard Act is substantially the same as 40 U.S.C.A. § 270b(b) supra. At pages 203-204 of 222 U.S., at page 46 of 32 S.Ct. the Supreme Court said:

"The contention to the contrary is rested largely upon the supposition that, in instances like the present, where the defendants, or some of them, are inhabitants of another district, there is an insuperable barrier to the maintenance of the action in the district wherein the contract was to be performed. But this supposition is a mistaken one, for the provision restricting the place of suit operates *pro tanto* to displace the provision upon that subject in the General Jurisdictional Act (25 Stat. 433, chap. 866, § 1, U.S.Comp.Stat. 1901, p. 508), and amply authorizes the circuit court in the district wherein the action is required to be brought to obtain jurisdiction of the persons of the defendants through the service upon them of its process in whatever district they may be found."

 The above case treated this statute as jurisdictional. The general rule which has evolved is lucidly stated in Metropolitan Life Ins. Co. v. Skov, D.C. D.Or., 1942, 45 F.Supp. 140, 141-142:

"Once a proper basis for jurisdiction of federal courts be found, Congress may constitutionally provide for service of process of such a court in any state. Even if Congress has only required suit to be commenced in a certain district, the power to serve process in other districts will be implied where not expressly conferred, if the nature of the cause so authorized requires." (Citing First National Bank v. Williams, 252 U.S. 504, 40 S.Ct. 372, 64 L.Ed. 690; United States v. Congress Construction Co., 222 U.S. 199, 203, 32 S.Ct. 44, 56 L.Ed. 163.)

It is certainly manifest that the nature of an action under the Miller Act requires extraterritorial service of process.

For the above reasons, the motion to quash must be overruled; an appropriate Order will be entered.