**UNITED STATES of America, for Use of GRAND RAPIDS PLUMBING & HEATING, INC., a Minnesota corporation, Plaintiff,**

v.

**G. E. HUMPHREY, doing business as G. E. Humphrey Electrical Contractor, and General Insurance Company of America, Defendants.**

**Civ. No. 5-60-103.**

United States District Court
D. Minnesota,
Fifth Division.

Feb. 8, 1961.

Warren H. Anderson, Grand Rapids, Minn., for plaintiff.

Joseph Robbie, Minneapolis, Minn., for defendant.

DONOVAN, District Judge.

The above matter is presently before the Court on a motion by plaintiff for an order, pursuant to Rule 4(e) and (f) of

---

the Federal Rules of Civil Procedure,[1] permitting service of process upon defendants without the boundaries of the State of Minnesota.

Jurisdiction is established under 40 U.S.C.A. §§ 270a–270c, commonly known as the Miller Act, which reads in part as follows:

"§ 270b.

\*   \*   \*   \*   \*   \*

"(b) Every suit instituted under this section shall be brought in the name of the United States for the use of the person suing, in the United States District Court for any district in which the contract was to be performed and executed and not elsewhere, irrespective of the amount in controversy \* \* \*."

The file contents disclose the contract was to be performed in Minnesota. It also appears that the defendant Humphrey was a resident of South Dakota. The action was filed in this District as required.[2]

■■ A comparison between Rule 4 (e), supra, and the Miller Act, supra, would seem to indicate an ambiguity. Rule 4 states:

" \*   \*   \* service shall be made under the circumstances and in the manner prescribed *by the statute* \*   \*   \* [emphasis supplied]."

The Miller Act makes no provision for such service. Therefore, by implication, the Court must take it upon itself to resolve the ambiguity by affirmative act. The applicable rule may be appropriately stated in these words:[3]

"Once a proper basis for jurisdiction of federal courts be found, Congress may constitutionally provide for service of the process of such a court in any state. Even if Congress has only required suit to be commenced in a certain district, the power to serve process in other districts will be implied where not expressly conferred, if the nature of the cause so authorized requires."

As a general rule, " \* \* \* a United States district court cannot issue process beyond the limits of the district \* \* \*."[4] This, of course, is subject to specific exceptions created by Congress and pointed out, supra.

■ It is the opinion of this Court that the plaintiff's motion must be, and hereby is, granted.

It is so ordered.

Defendants may have an exception.

---

1. 28 U.S.C.A. 209, Rule 4, provides in part:
   "(e) \* \* \*. Whenever a statute of the United States or an order of court provides for service of a summons, or of a notice, or of an order in lieu of summons upon a party not an inhabitant of or found within the state, service shall be made under the circumstances and in the manner prescribed by the statute, rule, or order.
   "(f) \* \* \*. All process other than a subpoena may be served anywhere within the territorial limits of the state in which the district court is held and, when a statute of the United States so provides, beyond the territorial limits of that state. \* \* \*."

2. United States v. McCarty, D.C.Colo., 174 F.Supp. 629.

3. Metropolitan Life Ins. Co. v. Skov, D.C. Or., 45 F.Supp. 140, 141, 142; United States v. Congress Const. Co., 222 U.S. 199, 32 S.Ct. 44, 56 L.Ed. 163, and cases cited therein.

4. Georgia v. Pennsylvania R. Co., 324 U.S. 439, 467, 468, 65 S.Ct. 716, 731, 89 L. Ed. 1051.