**UNITED STATES INTERNATIONAL TRADE COMMISSION,** Petitioner,

v.

**ASAT, INC., Respondent.**

No. MISC.04–0395(PLF).

United States District Court, District of Columbia.

Dec. 1, 2004.

Wayne Walker Herrington, U.S. International Trade Commission, Office of the General Counsel, Washington, DC, for Petitioner.

Jonathan G. Graves, Cooley Godward LLP, Reston, VA, for Respondent.

## MEMORANDUM OPINION AND ORDER

PAUL L. FRIEDMAN, District Judge.

Before the Court is a petition by the United States International Trade Commission ("ITC") for an order compelling respondent ASAT, Inc., to comply with an administrative subpoena issued by the ITC on February 11, 2004. Because the Court concludes that it has personal jurisdiction over respondent, and because none of respondent's substantive challenges to the administrative subpoena fall within this Court's limited scope of review, the Court will grant the ITC's petition.

## I. BACKGROUND

The subpoena under consideration was issued in the course of the ITC's administrative investigation of the alleged importation of products infringing on a U.S. patent, in violation of Section 337 of the Tariff Act of 1930, 19 U.S.C. § 1337. ASAT, Inc., is not a party to the complaint that precipitated the investigation; it or its related companies, ASAT Limited (a Hong Kong manufacturer) and ASAT Holdings (a Cayman Islands holding company), however, are in possession of information relevant to defenses likely to be raised in any administrative prosecution for violations of the Tariff Act.[1]

At the request of Carsem Semiconductor and Carsem, Inc. (collectively, "Carsem"), the subjects of the ITC's investigation, the administrative law judge handling the investigation issued subpoenas *duces tecum* and *ad testificandum* to ASAT, Inc., ASAT Limited, and ASAT Holdings (collectively, "ASAT") on February 11, 2004. On March 19, 2004, ASAT moved before the ALJ to quash the subpoenas. Finding process to have been served improperly on

ASAT Limited and ASAT Holdings, the ALJ quashed the subpoenas as to those companies. The ALJ also found, however, that ASAT, Inc. has control over the documents in possession of the related corporate entities, and ordered ASAT, Inc. to produce most of the requested discovery, including documents from ASAT Limited and ASAT Holdings. *See* Petition for an Order to Enforce Subpoena Issued by the United States International Trade Commission ¶ 8 (Aug. 11, 2004) ("Pet. to Enforce"); *In the Matter of Certain Encapsulated Integrated Circuit Devices and Products Containing Same,* Inv. No. 337–TA–501, Order No. 29 (U.S.I.T.C. April 13, 2004), Attachment E to Pet. to Enforce ("Order No. 29").[2]

Respondent produced some of the requested documents, but not those pertaining to communications between the parties to the administrative investigation and ASAT Limited or ASAT Holdings. In response, Carsem requested that the ALJ certify to the ITC a request for judicial enforcement of the subpoena. ASAT, Inc. opposed the certification, stating that it had produced all the documents in its possession and that it had submitted written requests for the other subpoenaed documents to ASAT Limited and ASAT Holdings, but that its requests had been denied. *See* Pet. to Enforce ¶ 10. Inasmuch as he had already found that ASAT, Inc. had control over the documents in the possession of the other entities, the ALJ found respondent's lack of possession an insufficient defense to production, and certified to the ITC the request for judicial enforcement. *Id.* ¶ 11; *see In the Matter of Certain Encapsulated Integrated Circuit Devices and Products Containing Same,* Inv.

---

1. ASAT, Inc. and ASAT Limited are wholly-owned subsidiaries of ASAT Holdings.

2. The ALJ did quash the subpoena as to certain document requests and deposition topics, because those requests called for production of legal conclusions. *See* Order No. 29 at 5.

No. 337–TA–501, Order No. 63 (June 7, 2004), Attachment F to Pet. to Enforce.

The ITC, after taking the ALJ's certification under advisement, commenced this action to compel compliance with its subpoena.

## II.  DISCUSSION

Respondent objects to enforcement of the subpoena on two grounds.  First, it argues that this Court lacks the personal jurisdiction over ASAT, Inc. necessary to enforce the ITC's subpoena, because the Tariff Act does not provide for extraterritorial service of process in proceedings to enforce subpoenas issued under its auspices.  *See* Respondent ASAT Inc.'s Opposition to Petition for an Order to Enforce Subpoena Issued by the United States International Trade Commission; Request for Oral Argument ("Opp.") at 5–8.[3]  Second, respondent claims that the ALJ erred in finding that ASAT, Inc. had "control" over documents in the possession of ASAT Limited and ASAT Holdings.  *See* Opp. at 10–14.

### A.  *Personal Jurisdiction Over ASAT, Inc.*

Section 333   of the Tariff Act authorizes the ITC to issue subpoenas in the course of investigating violations of the Act, and to "invoke the aid of any district or territorial court of the United States" in compelling compliance with its subpoenas.  19 U.S.C. § 1333(b).  Any "such court within the jurisdiction of which such inquiry is carried on" may enforce a subpoena issued by the ITC. *Id.* The ITC argues that this statutory language gives the Court personal jurisdiction over respondent regardless of whether there are "minimum contacts" between ASAT, Inc. and the District of Columbia, because the District of Columbia is the jurisdiction within which the ITC is "carrying on" its inquiry.

No court has squarely held that the Tariff Act authorizes extraterritorial service of process for actions to enforce ITC subpoenas.  The language of Section 333, however, is almost identical to that in Section 9 of the Federal Trade Commission Act, which gives the Federal Trade Commission power to investigate violations of that Act and to issue subpoenas for the production of documents and oral testimony in the course of its investigations.  *See* 15 U.S.C. § 49.  The Federal Trade Commission Act states that any district court "within the jurisdiction of which such inquiry is carried on" may issue an order requiring compliance with an FTC subpoena.  *Id.* Section 9 of the Act has been held by the District of Columbia Circuit to be a general grant of jurisdiction to the district courts of the district or districts "in which the inquiry is being conducted" to obtain jurisdiction over the objects of those subpoenas, wherever they may be, "through service upon them of process in whatever district they may be found."  *FTC v. Browning*, 435 F.2d 96, 99–100 (D.C.Cir. 1970) (*citing United States v. Congress Construction Co.*, 222 U.S. 199, 203–04, 32 S.Ct. 44, 56 L.Ed. 163 (1911)).  The court of appeals in *Browning* found the authorization of extraterritorial service necessary to effectuate the intent of Congress, expressed in the language of the statute, to give the FTC broad investigative and subpoena powers.  *See id.* at 98–101.[4]

---

3.  Respondent also argues that the District of Columbia long-arm statutes, D.C. CODE ANN. §§ 13–423 and 13–334, do not afford jurisdiction over ASAT, Inc. Because the Court finds that the Tariff Act itself provides personal jurisdiction, it need not address that argument.

4.  Similar language also has been held to authorize extraterritorial service of process under the Federal Election Campaign Act, 2 U.S.C. § 437d(b), *FEC v. Committee to Elect Lyndon La Rouche*, 613 F.2d 849, 860–61 (D.C.Cir.1979), and the National Traffic and Motor Vehicle Safety Act, 15 U.S.C. § 1401(c)(4), *United States v. Firestone Tire &*

■ Section 333 of the Tariff Act similarly confers broad investigative and subpoena power upon the ITC, using language almost identical to that of the Federal Trade Commission Act. *See* 19 U.S.C. § 1333(b); 15 U.S.C. § 49. Under the reasoning of *Browning,* this Court therefore holds that, in actions to compel compliance with subpoenas issued in the course of an investigation, the Tariff Act authorizes extraterritorial service of process by the district courts in the jurisdiction within which the investigation is being carried on.

■ Respondent next argues that even if the Tariff Act does authorize extraterritorial service of process, this Court is without personal jurisdiction because the District of Columbia is not the jurisdiction within which the ITC inquiry is being carried on. *See* Opp. at 5. The primary reason for this, respondent maintains, is that the subpoena at issue directed that the documents sought be produced at the offices of a law firm in Palo Alto, California. *Id.* at 7–8. The fact that the ITC has held investigatory hearings in the District of Columbia, respondent argues, does not mean that the ITC is conducting its inquiry here.

In interpreting the similar service of process provision under the Federal Election Campaign Act, the court of appeals has held that the place where subpoenas are returnable is not dispositive of the "place of inquiry" under the statute. *See FEC v. Committee to Elect Lyndon La Rouche,* 613 F.2d at 857 n. 7, 858 n. 9. In general, commissions with investigatory power similar to that of the ITC are held to have "broad discretion" in selecting their place of inquiry. *See id.; FTC v. Browning,* 435 F.2d at 100; *United States v. Firestone Tire & Rubber,* 455 F.Supp. at 1076. The test of whether a commission is

*Rubber,* 455 F.Supp. 1072, 1079–80 (D.D.C.

conducting an inquiry in a particular jurisdiction is "whether that place and the activities occurring there bear a reasonable relation to the subject matter of the investigation." *FTC v. MacArthur,* 532 F.2d 1135, 1140 (7th Cir.1976). Among the factors to be considered in this determination are:

> the convenience of the issuing agency, the location of the documents and witnesses[,] the location of the corporate headquarters of the entity subpoenaed, ... the place where the particular inquiry was authorized and where the agency found reason to believe that a violation had occurred, the place where the subpoena was issued, and the place where correspondence concerning the inquiry had emanated.

*United States v. Tesoro Petroleum Corp.,* 503 F.Supp. 868, 872 (D.D.C.1980) *(citing FTC v. MacArthur,* 532 F.2d at 1140, and *FEC v. Committee to Elect Lyndon La Rouche,* 613 F.2d at 857).

Although ASAT, Inc.'s headquarters are in California and the subpoenas were to be returned there, the subpoenas were signed, sealed, and issued by the ALJ in Washington, D.C. *See In the Matter of Certain Encapsulated Integrated Circuit Devices and Products Containing Same,* Inv. No. 337–TA–501, Subpoena Duces Tecum and Ad Testificandum at 3 (Feb. 11, 2004), Exhibit 1 to Opp. ("Subpoena"). The prior orders ruling on ASAT's motion to quash were also issued from the ALJ's office in Washington. *See* Order No. 29 at 1 (facsimile cover sheet). Finally, the ITC's certification of the subpoena for judicial enforcement was issued from the ITC's office in the District of Columbia. *See In the Matter of Certain Encapsulated Integrated Circuit Devices and Products Containing Same,* Inv. No. 337–TA–501, Notice of Commission Determination

1978), for the same reasons.

Granting the Administrative Law Judge's Request for Judicial Enforcement of a Subpoena (July 12, 2004), Attachment G to Pet. Enforce.

In *United States v. Tesoro Petroleum Corp.*, 503 F.Supp. 868 (D.D.C.1980), and again in *United States v. Stoltz*, 525 F.Supp. 617 (D.D.C.1981), this Court held the District of Columbia to be the "place of inquiry" for administrative investigations conducted by the Department of Energy, which, under the Department of Energy Organization Act, 42 U.S.C. § 7255, has the same investigatory powers as the FTC. Although substantial investigative activities were ongoing in other jurisdictions, the court in *Stoltz* concluded that the District of Columbia was the place of inquiry because:

> the central headquarters for DOE are in this district, and the officials ultimately responsible for enforcing the regulations [alleged to have been violated] are here. The control and direction of the investigation has always been retained in the District of Columbia, and the decisions to issue the subpoena and to seek its enforcement were made here.

*United States v. Stoltz*, 525 F.Supp. at 619 (*citing United States v. Tesoro Petroleum Corp.*, 503 F.Supp. at 872).

■ *Stoltz* and *Tesoro Petroleum* are directly on point. Although there are factors (notably, the location of the corporate headquarters of the entity subpoenaed and the place where the subpoenas are to be returned) that might also make another jurisdiction an appropriate place of inquiry, the conduct of administrative activities essential to the investigation in Washington, D.C. place the ITC's designation of the District of Columbia as a "place of inquiry" well within the ITC's discretion under the "standard of reasonableness." *United States v. Tesoro Petroleum Corp.*, 503 F.Supp. at 872. Thus, while more than one court might have subject matter

jurisdiction when "substantial activity" is also being carried on elsewhere, clearly this Court is a proper court in which the ITC was entitled to bring the subpoena enforcement action because the District of Columbia is a place of inquiry. "[T]he Commission's choice of Washington as its place of inquiry[ ] did not exceed the 'bound of reasonableness.'" *FEC v. Committee to Elect Lyndon La Rouche*, 613 F.2d at 858 n. 9.

Because the Tariff Act authorizes extraterritorial service of process, and Washington, D.C., is the jurisdiction in which the ITC's inquiry is being conducted, this Court has personal jurisdiction over ASAT, Inc.

### B. ASAT, Inc.'s Control of the Requested Documents

Respondent ASAT, Inc. also opposes enforcement of the ITC subpoena on the ground that ASAT, Inc. does not have "control" over responsive documents in the possession of ASAT Holdings and ASAT Limited. *See* Opp. at 10. This argument challenges the ALJ's factual determination that respondent does have control over these documents because (1) ASAT, Inc. has access to the requested documents when the need arises in the ordinary course of business, and (2) ASAT, Inc. is a marketer of ASAT Holdings' products and services in the United States. Order No. 29 at 4 (*citing Camden Iron & Metal, Inc. v. Marubeni Am. Corp.*, 138 F.R.D. 438 (D.N.J.1991)).

■ "The Supreme Court has made it clear that the [district] court's role in a proceeding to enforce an administrative subpoena is a strictly limited one." *FTC v. Texaco, Inc.*, 555 F.2d 862, 871–72 (D.C.Cir.1977) (*en banc*) (*citing Endicott Johnson v. Perkins*, 317 U.S. 501, 63 S.Ct. 339, 87 L.Ed. 424 (1943)). The function of a court called upon to enforce an administrative subpoena is limited to determining

whether the subpoena is issued for a lawful purpose within the statutory authority of the agency that has issued it, whether the demand is sufficiently definite and not unduly burdensome, and whether the subpoena seeks information reasonably relevant to the agency's investigation. *Adair v. Rose Law Firm*, 867 F.Supp. 1111, 1115 (D.D.C.1994) (*citing Resolution Trust Corporation v. Walde*, 18 F.3d 943, 946 (D.C.Cir.1994)); *see also United States International Trade Commission v. E. & J. Gallo Winery*, 637 F.Supp. 1262, 1267 (D.D.C.1985) (district court inquiry in enforcement of ITC subpoena limited to determining that information sought is "reasonably relevant" and subpoena is not "unreasonably or unduly burdensome"). Under the rules governing the conduct of investigations by the ITC, and in contrast to subpoenas issued by this Court itself under the Federal Rules of Civil Procedure, the administrative subpoena at issue here bears the imprimatur of the administrative law judge; this Court's role is not to issue the subpoena but simply to aid in its enforcement. *See* 19 C.F.R. § 210.32; *FTC v. Atlantic Richfield Co.*, 567 F.2d 96, 104–06 (D.C.Cir.1977) (subpoena by Federal Trade Commission is subpoena of the administrative law judge).

■ Respondent raises no substantive opposition to the subpoena on the grounds that it was for an unlawful purpose or beyond the authority of the ITC to issue, that it is too indefinite or unduly burdensome, or that it requests irrelevant information. The ALJ thoroughly considered the parties' arguments and the evidence and found ASAT, Inc. to have control over the documents in the possession of its corporate relatives. It is not for the Court to revisit the ALJ's findings on this issue.[5]

## III.  CONCLUSION

The Court finds that Section 333 of the Tariff Act, 19 U.S.C. § 1333, authorizes the exercise of personal jurisdiction over respondent, and that respondent has raised no challenge to enforcement of the subpoena that is cognizable by this Court. Accordingly, it hereby

ORDERED that the ITC's petition for an order to enforce the subpoena issued by the United States International Trade Commission is GRANTED.

SO ORDERED.

---

**5.** Respondent attempts to frame this as a challenge to the ITC's authority by claiming that compelling production of documents in the possession of ASAT Holdings and ASAT Limited would violate international service of process regulations. *See* Opp. at 8. This argument is without merit; at issue here is the obligation of *respondent,* not its corporate affiliates, to comply with the ITC's subpoenas.