## COHEN v. SADDLEMIRE.
### No. 7080.

District Court, D. Massachusetts.
Jan. 17, 1939.

Bartlett, Jennings & Bartlett, Charles W. Bartlett, and Edward J. Flavin, all of Boston, Mass., for plaintiff.

Leon B. Newman, of Boston, Mass., for defendant.

McLELLAN, District Judge.

The defendant moves to dismiss this action for want of jurisdiction for the alleged reason "that it appears upon the face of the writ that service is purported to have been made upon a person who is a non-resident of the District of Massachusetts at a place out of the District of Massachusetts and that there appears nowhere upon the face of the writ any justification for the obtaining of jurisdiction by this Court over such a defendant by such service."

The defendant, in his oral argument and in a brief memorandum on the law presented therewith, takes the position that the writ must contain the allegations upon which the jurisdiction is based and that it is not sufficient that the declaration state the facts upon which the jurisdiction depends. The defendant relies heavily upon Kimball v. Sweet, 168 Mass. 105, 46 N. E. 409, where on the face of the writ the court was without jurisdiction over the defendant because the defendant was described as of Providence, in the County of Providence and State of Rhode Island. Massachusetts process does not extend to a sister state. In the case at bar, though the writ describes the defendant as of Detroit, in the Eastern District of Michigan, and was there served, it does not show want of jurisdiction over the defendant. The process of this court may issue to any part of the United States pursuant to congressional authority. I do not regard the Kimball Case, supra, as here applicable.

In his declaration the plaintiff charges a violation of Section 12, Paragraph (2), of the Securities Act of 1933 as amended, 15 U.S.C.A. § 77$l$(2), and says that jurisdiction "against the defendant is invoked in virtue of Section 22, par. (a) of the said Securities Act of 1933 as amended." The statute on which the plaintiff relies provides that an action for violation of the Securities Act "may be brought in the district wherein the defendant is found or is an inhabitant or transacts business, or in the district where the sale took place, if the defendant participated therein, and process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found." U.S.C.A., Title 15, Section 77v(a). The declaration alleges that the sales of securities of which the plaintiff complains were made and participated in by the defendant in the District of Massachusetts.

This court has jurisdiction of the cause and over the defendant. By virtue of the provisions of the Security Act above quoted, the plaintiff had the right to resort to this venue.

The defendant's motion to dismiss is denied.