

Roy C. Fox, Litigation Attorney, Office of Housing Expediter, Seattle, Washington, for plaintiff.

JAMES ALGER FEE, Chief Judge.

**UNITED STATES v. ROCKHILL.**

No. 4957.

United States District Court
D. Oregon.

Jan. 16, 1950.

See also 9 F.Supp. 695.

(a), Federal Rules of Civil Procedure, 28 U.S.C.A., for an order to serve summons outside the state under the express provisions of § 206 of the Housing and Rent Act, 50 U.S.C.A.Appendix, § 1896, and to fix the manner of effecting service, which that statute does not prescribe, and to fix the time for answer. The Court refused the order because it was not shown under what proviso plaintiff intended to proceed. Whether personal service, substituted service or even service by publication was desired was not made plain, but only that service was intended at 327 Magnolia Street, Long Beach, California.

It may be noted in passing that a comment has been made that it never has been thought necessary to obtain a court order under such circumstances. But if the Trial Court have no discretion as to the use of procedural devices for the protection of litigants, then a rigid system of practice will develop. The experience under the state codes should warn everyone that such inflexibility tends to foster the development of unrealistic technicality.

The mere fact that a statute permits service outside a state does not preclude a court order for such service. An order of court was here an absolute necessity, so that the manner of service could be prescribed and so that the time in which the defendant might be required to answer could be established.

A showing has now been filed indicating that it is intended the United States Marshal serve the summons personally upon the defendant, who is shown to be a resident of the State of California and the Southern District thereof. It is also represented to the Court that sixty days is a reasonable time for defendant to answer after service. As above noted, since the statute does not provide the particular method of effecting service [1] or the period of time within which defendant

Roy C. Fox, Litigation Attorney, Office of Housing Expediter, Seattle, Washington, for plaintiff.

JAMES ALGER FEE, Chief Judge.

Counsel for plaintiff filed a "petition" in this cause under Provisions 4(e) and 12

[1] "Service outside the state is effective only when a federal statute so provides (Rule 4(f); where the statute does permit such service, then the particular manner of effecting service * * * shall be as the statute provides or, if the statute is silent [as in this case] as is prescribed by an order of the court." 5 F.R.S. 791.

must answer,[2] the order was essential. But the point of the criticism seems to be that the Court assumed to further condition the issuance of the order by a requirement that facts upon which the jurisdiction of subject matter and of defendant could be predicated, after service in accordance therewith had been made. Before issuing any order in a case, the Court must inquire whether jurisdiction is present.

█ The affidavits on file now indicate that the action is brought regarding real property situated in the State of Oregon; that defendant is the landlord of said property; that George Hart is and was the tenant thereof during the periods set out; that a specified rent was collected by defendant for specified months, in which the maximum legal rent was a specified sum much less than the amount charged. Such allegations are a prima facie showing that this Court has jurisdiction of the subject.[3] These also show that the action is brought in good faith under §§ 205 and 206 of the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, §§ 1895, 1896. Specifically, it thereby appears that the action is initiated in the District of Oregon, where the acts or transactions constituting the alleged violation occurred. (§ 206(c). Therefore, the clause of the statute under which plaintiff is proceeding is isolated. This was necessary before the mode of service could be even considered.

The affidavit shows that Mrs. Rockhill, subsequent to the alleged violations, removed to and now resides at 327 Magnolia Street, Long Beach, California, and that correspondence addressed to her there is received, and that personal service can be made upon her there.

█ This then is sufficient showing of the "necessary facts founding the right

to service," as required by the previous opinion herein. United States v. Rockhill, D.C., 9 'F.R.D. 695. No service outside the state can lawfully be made unless in accordance with the terms of a federal statute.[4] If service were made in accordance with an order but not in accordance with the statute, the order would be void.

█ Practice and procedure are living forces. The federal district courts operated in law actions long before the adoption of the Federal Rules of Civil Procedure, which constitute a crystalization and modification of the modes of proceeding therein. It is not sound ground to urge that a statute does not specifically authorize a particular practice. A statute to prohibit a usage of the courts must forbid the exercise in definite terms. Every new statute or rule governing the federal courts can become a mode of procedure only by usage.

An episode which lightens the darkened field of procedure before the Rules may be illuminating here. In Haskell v. Aluminum Co., D.C., 14 F.2d 864, the Judge said in effect that it had never been thought necessary to have an order of court directing service of process outside the district where the statute expressly authorized the practice. Subsequently, the same Judge was compelled to hold void an actual service timely made on the proper party, because the process was not directed to the official who made the service. United States v. Palmer, D.C., 18 F.2d 997. The Judge then discovered that another District Court in a different case had laid the foundation for valid service outside its district by court order, and that the Supreme Court of the United States, in Eastman Kodak Company v. Southern Photo Materials Company, 273 U.S. 359,

---

2. This is specifically noted in Rule 12(a), Federal Rules of Civil Procedure. But the power of courts to control their own process is fundamental.

3. Cf. Stella v. Kaiser, D.C.N.Y., 82 F. Supp. 301, 304: "If this court has jurisdiction of the *subject matter* of the complaint which charges *violation of the*

*Securities Act* \* \* \* then the process of the court could properly be served on \* \* \* in California." (Emphasis supplied.)

4. Gathany v. Bishopp, 4 Cir., 177 F.2d 567, 569; Howard v. United States, 10 Cir., 126 F.2d 667, 668; Moreno v. United States, 1 Cir., 120 F.2d 128, 130.

47 S.Ct. 400, 71 L.Ed. 684, had held the practice was permissible. It thus proved that such a precaution may not be vital, but it is practicable and commendable.

The fact that the statute is popular should not circumscribe the discretion of the Trial Court.

The Court has a right to protect litigants from harassment. A Court has a right to inquire whether jurisdiction is well founded in a cause before making any order whatsoever. The able counsel in this case was well advised to take the procedure which he adopted. The adoption of such protective practice in the exercise of discretion will forestall an appellate imperative in some case where essential precaution has not been taken. On the other hand, a Trial Court is not bound to adopt this practice where the situation does not require it.

The order for personal service at the designated place, fixing sixty days for answer or other appearance by defendant, will issue.