## UNITED STATES v. RHOADES (ALLEN, Third-Party Defendant).

### Civ. A. No. 4185.

United States District Court
D. Colorado.
July 3, 1953.

Joseph E. Babka, Attorney for Office of Housing Expediter, St. Louis, Mo. (Tom R. R. Ely, St. Louis, Mo., of counsel), for plantiff.

William Alan Bryans, Denver, Colo., for defendant and third-party plaintiff.

KNOUS, District Judge.

The original defendant herein as third-party plaintiff has requested an order authorizing service of summons on the third-party defendant in the County of Lake in the State of Indiana.

Such application assertedly is based upon Section 206 of the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, § 1896, which in certain circumstances permits the service of summons on an *original* defendant in an action brought thereunder in any district wherein defendant resides or transacts business or wherein defendant may be found. However, no mention whatsoever is made in the Act concerning the service of process on third-party defendants.

Since no service outside a state can lawfully be authorized unless the situ-

ation clearly is within the terms of a Federal statute, the Court is of the opinion that the provisions of Section 206, supra, properly may not be expanded by construction to include an order for service on a third-party defendant.

As read by the Court, the decisions cited by applicant offer no support to her contention. United States v. Rockhill, D.C., 9 F.R.D., 696, 697, has to do with questions of service on an *original* defendant; Creedon v. Wilson, D.C., 10 F.R.D. 488, pertains to the propriety of joinder of parties plaintiff, and Eastman Kodak Co. v. Southern Photo Co., etc., 273 U.S. 359, 47 S.Ct. 400, 71 L.Ed. 684, relates to a question of venue under Section 12 of the Clayton Act, 15 U.S.C.A. § 22.

Accordingly, defendant's request for an order for service as prayed for is denied.