JAYPEN HOLDINGS, Limited, Plaintiff,

v.

BELLANCA CORPORATION and Sydney Albert, Defendants.

Civ. A. No. 30-58.

United States District Court
D. New Jersey.
June 12, 1958.

pen's) offer to exchange the Glenn shares for those of Bellanca subject to the conditions:

(1) that the stock "shall be fully paid and non-assessable";

(2) that Bellanca may call on Jaypen for the Bellanca shares at $22 per share within seven months from date of the exchange, and receive delivery thereon on payment therefor, and at the end of one year's time, plus 30 days thereafter, Jaypen "can put the 15,000 shares of Bellanca to the Company" at $20.00 per share;

(3) that Bellanca will distribute the Glenn stock to Bellanca's stockholders as directed by the latter's directors. The contract exchange date was June 30, 1955; but complaint alleges the Glenn stock was delivered October 18, 1955.

Jaypen is a corporation of Ontario, Canada. Bellanca is a corporation of the State of Delaware, authorized to transact business in New Jersey, where it maintains a registered agent. Codefendant Albert is alleged to be president and controlling stockholder of Bellanca and negotiated for the contract of exchange in its behalf. He is a resident of Akron, Ohio.

Plaintiff alleges that although it "put" the Bellanca stock to Bellanca October 23, 1956 (within 30 days next succeeding one year from the exchange) Bellanca refused to accept and to pay for the same.

The first cause of action seeks damages of $300,000 from Bellanca for breach of its agreement to buy back the 15,000 shares of Bellanca stock at $20 per share. The second cause of action charges Albert and Bellanca with fraudulent representations inducing Jaypen to agree to and to perform the exchange, and seeks damages of $332,500, the alleged market value of the Glenn stock. The third cause of action is based upon §§ 12(a) and 22 of the Securities Act of 1933 (15 U.S.C.A. §§ 77*l*[1] and 77v). This cause of action also

---

Bruck & Bigel, Newark, N. J., David Marcus, Hoboken, N. J., for plaintiff.

Kahn & Schildkraut, Trenton, N. J., Nathan N. Schildkraut, Trenton, N. J., for defendants.

WORTENDYKE, District Judge.

The four causes of action in this case are based upon an agreement for the exchange of 15,000 shares of common stock of Bellanca Corporation (Bellanca) for 325,000 shares of the capital stock of Glenn Uranium Mines, Ltd. (Glenn). A copy of the agreement, dated May 24, 1955, is annexed to the complaint. By its terms, Bellanca accepted plaintiff's (Jay-

---

1. The section of the Statute here referred to is 77*l*, not 771, as appears in type.

This is a mechanical limitation of the typewriter.

charges fraudulent misrepresentation by and seeks similar damages from both defendants. The fourth cause of action invokes §§ 18(a) and 27 of the Securities and Exchange Act of 1934 (15 U.S.C.A. §§ 78r and 78aa), and seeks similar damages from both defendants, charging filing by and in behalf of Bellanca, under § 13 of the rules promulgated under the Securities and Exchange Act of 1934 (15 U.S.C.A. § 78m), of false reports of Bellanca's activities.

Service of process having been made on Albert at Akron, Ohio, he moves to quash same for that reason and because he is a non-resident of New Jersey. Defendant Bellanca also seeks a reallocation of this case to Trenton because Bellanca and its attorneys have offices in that city.

The service upon Albert is ineffective to support a personal judgment against him (Rule 4(f), 28 U.S.C.; Giffin v. Ensign, 3 Cir., 1956, 234 F.2d 307) unless it derives validity from a statute of the United States and Rule 4(e). To support the asserted validity of service upon Albert, plaintiff relies upon § 22 of the Securities Act of 1933 (15 U.S.C.A. § 77l[1]), and upon § 27 of the Securities and Exchange Act of 1934 (15 U.S.C.A. § 78aa). Does the complaint bring the case within these statutory provisions?

■ Albert is a defendant only to the second, third and fourth causes of action. He is charged in the second cause of action with having induced Jaypen, by fraudulent misrepresentation, to enter into the stock exchange contract with Bellanca, to plaintiff's alleged damage. This pleads a cause of action for deceit, Anderson v. Modica, 4 N.J. 383, 73 A.2d 49, and is not dependent upon either of the Acts above mentioned. A personal judgment for damages is sought against Albert. Jurisdiction of the person of Albert has not been obtained under the second cause of action for failure of service within New Jersey (Rule 4(f)). This cause of action may not be brought against Albert in this District (28 U.S.C. § 1391).

Jurisdiction of Albert under the third and fourth causes of action is to be found only if the allegations thereof appropriately invoke 15 U.S.C.A. § 77l[1] and § 78r respectively.

§ 77l[1] provides that:

"Any person who—

\* \* \* \* \* \*

"(2) offers or sells a security \* \* \* by the use of any means or instruments of transportation or communication in interstate commerce or of the mails, by means of a prospectus or oral communication, which includes an untrue statement of a material fact or omits to state a material fact necessary in order to make the statements, in the light of the circumstances under which they were made, not misleading (the purchaser not knowing of such untruth or omission), and who shall not sustain the burden of proof that he did not know, and in the exercise of reasonable care could not have known, of such untruth or omission,

shall be liable to the person purchasing such security from him, who may sue either at law or in equity in any court of competent jurisdiction, to recover the consideration paid for such security with interest thereon \* \* \*."

The allegations of the third cause of action charge Albert with a violation of the foregoing section. § 77v of the same Title vests jurisdiction in this court to entertain the cause of action and provides that " \* \* \* process \* \* \* may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found."

§ 78r(a) of Title 15 provides as follows:

"Any person who shall \* \* \* cause to be made any statement in any application, report, or document filed pursuant to (the Securities Exchange Act of 1934) or any rule or regulation thereunder \* \* \* which statement was at the time and

in the light of the circumstances under which it was made false or misleading with respect to any material fact, shall be liable to any person (not knowing that such statement was false or misleading) who, in reliance upon such statement, shall have purchased or sold a security at a price which was affected by such statement, for damages caused by such reliance, unless the person sued shall prove that he acted in good faith and had no knowledge that such statement was false or misleading. * * * "

Jurisdiction of an action based upon the foregoing section (78r) is reposed in this court by 15 U.S.C.A. § 78aa, which also provides that process may be served "in any other district of which the defendant is an inhabitant or wherever the defendant may be found." The allegations of the fourth cause of action fit exactly into 15 U.S.C.A. § 78r(a). See Stella v. Kaiser, D.C.Ky.1948, 82 F.Supp. 301; Kardon v. National Gypsum Co., D.C.Pa.1946, 69 F.Supp. 512.

■ Because the allegations of the third and fourth causes of action (which must be taken as true for the purposes of this motion) state claims for relief under the Securities Act of 1933 and the Securities Exchange Act of 1934, respectively, and each of these Acts authorizes the service of summons as effected upon defendant Albert in this case, such service is valid under Rule 4(f), and the motion to quash as to the third and fourth causes of action must be denied. Cf. Cohen v. Saddlemire, D.C.Mass.1939, 26 F.Supp. 27; Moore v. Gorman, D.C. N.Y.1948, 75 F.Supp. 453. Here this Court's jurisdiction is based (in the third and fourth causes of action) on the assertion of Federal rights under the cited Acts. "In such a case Congress can provide for service of process anywhere in the United States." Lone Star Package Car Co., Inc., v. Baltimore & Ohio Railroad Co., 5 Cir., 1954, 212 F.2d 147, 154,

citing Mississippi Publishing Corp. v. Murphree, 326 U.S. 438, 66 S.Ct. 242, 90 L.Ed. 185; Howard v. United States ex. rel. Alexander, 10 Cir., 1942, 126 F.2d 667; Blank v. Bitker, 7 Cir., 1943, 135 F.2d 962.

Movant argues that the transaction evidenced by the contract annexed to the complaint was "exempted" under 15 U.S. C.A. § 77d because it did not involve a "public offering", and, therefore, that the provisions of § 77e of the same Title are inapplicable thereto. While the transaction here may not have been a public offering (see S. E. C. v. Ralston Purina Co., 346 U.S. 119, 73 S.Ct. 981, 97 L.Ed. 1494), we are not here concerned with § 77e, but with § 77l [1] (2), i. e., with a sale of a security "by the use of any means or instruments of transportation or communication in interstate commerce or of the mails, by means of a prospectus or oral communication, which includes an untrue statement of a material fact or omits to state a material fact necessary in order to make the statements, in the light of the circumstances under which they were made, not misleading * * *." This Court's jurisdiction of the subject matter of the third and fourth causes of action finds recognition in Independence Shares Corporation v. Deckert, 3 Cir., 1939, 108 F.2d 51, 53, reversed on other grounds Deckert v. Independence Shares Corp., 311 U.S. 282, 61 S.Ct. 229, 85 L.Ed. 189; also in Schillner v. H. Vaughan Clarke & Co., 2 Cir., 1943, 134 F.2d 875. Cf. et. Fratt v. Robinson, 9 Cir., 1953, 203 F.2d 627, 37 A.L.R.2d 636.

I conclude that jurisdiction over the person of the defendant Albert has been effectively acquired through valid service of process pursuant to the provisions of the Federal statutes upon which the third and fourth causes of action are based. Venue for the second cause of action against Albert may not be laid in this district (28 U.S.C. § 1391). That cause of action should be dismissed as to him. The motion to quash service of process upon the defendant Albert will be denied.

While I have the power, under Rule 8, subd. B of the General Rules of this Court to reallocate this case to Trenton for trial, in accordance with Bellanca's application, there has not been shown, in my opinion, sufficient reason to impel me to exercise my discretion to so reallocate the case. The motion to reallocate is therefore denied.

An order may be submitted in accordance with the views hereinabove expressed.