Harry H. TRUSSELL et al., Plaintiffs,

v.

UNITED UNDERWRITERS, LTD., a Colorado corporation, et al., Defendants,

Joseph Englert, Additional Defendant on Cross-Claims.

Virgil C. LEWIS et al., Plaintiffs,

v.

UNITED UNDERWRITERS, LTD., a Colorado corporation, et al., Defendants,

Joseph Englert, Additional Defendant on Cross-Claims.

Paul T. CRIST et al., Plaintiffs,

v.

UNITED UNDERWRITERS, LTD., a Colorado corporation, et al., Defendants,

Joseph Englert, Additional Defendant on Cross-Claims.

Civ. A. Nos. 8170, 8321, 8393.

United States District Court
D. Colorado.

Dec. 31, 1964.

802

See also D.C., 230 F.Supp. 136.

Dawson, Nagel, Sherman & Howard, Denver, Colo., for plaintiffs.

Lohf, Moran, Murphy & Barnhill, Denver, Colo., for defendant United Underwriters, Ltd.

Modesitt & Shaw, Denver, Colo., for defendant Joseph Englert.

William J. Caskins, Jr., Denver, Colo., for defendant William Joss.

Ben W. Fann, Colorado Springs, Colo., for defendant C. Douglas Andrews.

McLean & McLean, Denver, Colo., for defendant C. Douglas Andrews.

Schmidt & Van Cise, Denver, Colo., for defendant Pete Franzman.

Hindry, Erickson & Meyer, Denver, Colo., for defendant Milo Steele.

Rexford L. Mitchell, Rocky Ford, Colo., for defendants Albert C. Pantle and Ross Belew.

Edison & Berman, Denver, Colo., for defendant Clinton D. Buchner.

Alec J. Keller, Denver, Colo., for defendant Howard Sorber.

DOYLE, District Judge.

Defendant Joseph Englert moves the Court to dismiss the complaints in this action. In support of this motion, defendant submits several arguments directed at some or all of the five claims set forth in the complaints.

Defendant urges upon the Court the contentions previously raised by the other defendants that the complaint fails to state valid claims for relief and that the Court lacks jurisdiction over the subject matter of each. These contentions

have been disposed of and we adhere to the views which were expressed in 228 F. Supp. 757. We there held that the first and fourth claims for relief should be dismissed, but that the second and fifth claims stated claims under the Securities Exchange Act. In accordance with the views previously expressed, defendant's motion to dismiss the first and fourth claims is granted; its motion to dismiss the second and fifth claims is denied.

Englert also renews the argument of defendant Milo Steele that venue is not in this forum. Again, we are of the opinion that some of the acts alleged to have occurred in Colorado and in which Englert allegedly participated constitute a violation of the Securities Exchange Act of 1934 within the meaning of section 27 thereof. The question, if it be a question, is, therefore, one of fact which can only be resolved at the trial.

Englert also renews the argument that the federal claims, i. e., claims one, two, four, and five, are barred by a two-year statute of limitations. We have already considered, in the above-mentioned opinion, the other defendants' contention that Colorado's two-year statute of limitations concerning actions upon a liability created by federal statute bars these claims, and we again reject it. However, Englert also argues that, while the proper statute of limitations is one regarding actions based on fraud, the Kansas statute should be applied and not the Colorado one. Englert argues that under Cope v. Anderson, 331 U.S. 461, 67 S.Ct. 1340, 91 L.Ed. 1602 (1946), this Court is bound to apply the law of the forum with respect to limitation of actions when the federal statute in question does not contain such a limitation, and that this may require the adoption of the forum state's "borrowing" statute. Colorado's borrowing statute, CRS '53, 87-1-21, now CRS '63, § 87-1-19, provides:

"When a cause of action *arises* in another state or territory or in a foreign country, and by the laws thereof an action thereon cannot be maintained against a person by reason of the lapse of time, an action thereon shall not be maintained against him in this state." [Emphasis supplied.]

The complaint alleges in paragraph 15 that the sales of securities were made in Kansas. The causes of action based on these sales consequently arose in Kansas. The Restatement, Conflicts of Laws, section 377, note 4, illustration 5; 2 Beal, Conflicts of Laws, section 337.2, p. 1287; Folda Real Estate Co. v. Jacobsen, 75 Colo. 16, 223 P. 748 (1924); Updike v. People, 92 Colo. 125, 18 P.2d 472 (1933); Cope v. Anderson, supra; Moviecolor Limited v. Eastman Kodak Co., 2 Cir., 288 F.2d 80, 90 A.L. R.2d 252 (1961); Geller v. Transamerica Corp., D.C., 53 F.Supp. 625 (1943). It appears, therefore, that the Kansas statute, G.S.Kan. § 60-306, which provides a two-year limitation for actions based on fraud is applicable. Nevertheless, in accordance with our former holding it cannot fairly be determined at this time whether the Kansas statute has been tolled in particular instances involved here.

Englert's final argument challenges the jurisdiction of this Court over his person. He was served pursuant to the extraterritorial service of process provision contained in section 27 of the Securities Exchange Act, and while he concedes that this service was sufficient to obtain jurisdiction over his person with respect to the federal claims, he maintains that it was insufficient to do so with respect to the claims based on the Kansas statutes, i. e., the third claims of each complaint. Englert acknowledges that these state claims, in accordance with Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148 (1933), are "pendent" to the federal claims. However, he maintains that this doctrine applies only with respect to jurisdiction of the subject matter, and not to jurisdiction of the person. The authorities on this point are in conflict. The following cases support defendant's position: Lasch v. Antkies, D.C., 161 F.Supp. 851 (1961); Jaypen Holdings Ltd. v. Bellanca Corp., D.C.,

22 F.R.D. 190 (1958); Kappus v. Western Hills Oil, Inc., D.C., 24 F.R.D. 123 (1959); Phillips v. Murchison, D.C., 194 F.Supp. 620 (1961); International Ladies' Garment Workers' Union v. Shields & Co., D.C., 209 F.Supp. 145 (1962), and Schwartz v. Bowman, D.C., 156 F.Supp. 361 (1957). Cases against defendant include, most notably, a strong dictum in Schwartz v. Eaton, 2 Cir., 264 F.2d 195 (1959) dismissing an appeal from Schwartz v. Bowman, supra; see also Townsend Corp. v. Davidson, D.C., 222 F.Supp. 1 (1963); Stella v. Kaiser, D.C., 82 F.Supp. 301 (1948); and Cooper v. North Jersey Trust Co., D.C., 226 F.Supp. 972 (1964).

■ Undoubtedly, the issues underlying pendent subject matter jurisdiction and pendent personal jurisdiction are different. The fundamental issue decided in Hurn v. Oursler, supra, was that pendent subject matter jurisdiction was embraced within the scope of subject matter jurisdiction permitted by Article 3 of the United States Constitution; it was there recognized that Congress had conferred this jurisdiction upon the federal courts. The question was whether Congress had the power to do so. In other words, the matter was properly one for judicial decision, not legislative decision. By contrast, the issue of pendent personal jurisdiction does not rise to the level of a constitutional question. While there may be constitutional limits to the "reach" of a federal district court's service of process in diversity actions, if not in federal actions, provisions for nationwide running of federal process such as the interpleader statute, Title 28 U.S.C. § 2361, and the statute on shareholders' derivative actions, Title 28 U.S.C. § 1695, indicate that these limits are not readily discernible. In any event, after Hurn v. Oursler, there can be little doubt that Congress has the power to allow extraterritorial service of process with respect to pendent state claims. The sole question is whether Congress has provided for such service.

Congress has not provided explicitly for such service, neither by the statute here in question, Title 15 U.S.C. § 78aa, nor has it done so by rule. See Mississippi Publishing Corp. v. Murphree, 326 U.S. 438, 66 S.Ct. 242, 90 L.Ed. 185 (1946). The question remains whether it should be here implied. Sanction of extraterritorial service has been *implied*, at least once, from the terms of a federal statute, United States v. Congress Construction Co., 222 U.S. 199, 32 S.Ct. 44, 56 L.Ed. 163 (1911), Limerick v. T. F. Scholes, Inc., 10 Cir., 292 F.2d 195 (1961). But the explicit limits of service of process historically have been meticulously guarded. Robertson v. Railroad Labor Board, 268 U.S. 619, 45 S.Ct. 621, 69 L.Ed. 1119 (1925), United States v. Rhoades, D.C., 14 F.R.D. 373 (1953). These limits have been set by the Congress. Most recently, Federal Rules of Civil Procedure, Rule 4(f) has been amended to permit service of process extraterritorially, not to exceed one hundred miles from the place of trial. See the comment on this amendment contained in the article by Kaplan (the reporter to the Advisory Committee), Federal Rules Amendments, 77 Harv.L.Rev. 601, 631 (1964). It would appear that the statutory approach to service of process has been such as to discourage implied extensions.

■ This would appear to be a complete answer to plaintiffs' contention, but it is also to be observed that there are no compelling extraneous reasons for an implied approval of extraterritorial service in the present instance. Plaintiffs do not argue, nor could they do so persuasively, that the purposes of Congress as manifested in this Act would be frustrated unless Section 27 of the 1934 Act is so read; that line of reasoning was persuasive with respect to the Heard and Miller Acts in United States v. Congress Construction Co., supra, and in Limerick v. T. F. Scholes, Inc., supra. Rather, plaintiffs argue that Englert would suffer no hardship since he must in any event come to Colorado to defend against the federal claims. Furthermore, plaintiffs allege that "the evidence to be presented concerning the federal

claims is substantially the same as the evidence needed to support the pendent claims," because both classes of claims rest on substantially the same facts. Finally, plaintiffs observe that other defendants who have been served in Colorado will have to defend against both the federal and state claims, and that the policy of judicial economy militates strongly in favor of upholding the pendent service of process. We are not persuaded by these reasons because we do not agree that quashing the service of process for the pendent claims will necessarily require relitigation in another court of the same issues which will have been litigated in this Court. Since the same questions of fact between the same parties are involved, collateral estoppel should make a mere formality of a separate suit on the pendent claims. Myers v. International Trust Co., 263 U.S. 64, 44 S.Ct. 86, 68 L.Ed. 165 (1923); Partmar Corp. v. Paramount Pictures Theatres Corp., 347 U.S. 89, 74 S.Ct. 414, 98 L.Ed. 532 (1954). Witnesses and parties will not have to be importuned a second time. The only inconvenience, if he were to succeed in this Court, is that plaintiff would have to go to Kansas to obtain a judgment on the pendent claims. This is not so great a burden on the judicial system as to justify overriding the explicit language of Rule 4, Federal Rules of Civil Procedure. It cannot be doubted that Congress has very much in mind the needs of judicial economy when it, or the committees on the federal rules, consider the appropriate limits of service of process. Nor is this such a burden on plaintiffs as to make the equities one-sided; after all, if plaintiffs were to succeed they would probably have to go to Kansas to enforce their judgment. In sum, plaintiffs' arguments based on judicial economy and balancing of equities lack substance. For these reasons, it is

Ordered that defendant Englert's motion to dismiss the federal claims be, and the same is hereby denied; it is

Further ordered that defendant Englert's motion to dismiss the third claims be, and the same is hereby granted.