338 F.Supp. 436 (1972)
In re PENN CENTRAL SECURITIES LITIGATION.
Mayer S. REICH
v.
Howard BUTCHER, III, et al.
Richard S. ROBINSON et al.
v.
PENN CENTRAL COMPANY et al.
Herbert COOK and Rose Cook Small
v.
PENN CENTRAL COMPANY et al.
Philip BARON and Ann Nemser
v.
Stuart SAUNDERS et al.
Rebecca LOWEY et al.
v.
David C. BEVAN et al.
Edward PERRY
v.
David C. BEVAN et al.
M.D.L. No. 56, Civ. A. Nos. 70-2005, 70-2010, 70-2505, 70-2596, 70-2818 and 70-2933.
United States District Court, E. D. Pennsylvania.
January 13, 1972.
Pace Reich, Modell, Pincus, Hahn & Reich, Philadelphia, Pa., for plaintiff Mayer S. Reich.
David Berger, Herbert B. Newberg, Gerald J. Rodos, Philadelphia, Pa., for plaintiff Richard S. Robinson, and others.
Robert C. Cohen, Meltzer & Schiffrin, Philadelphia, Pa., for plaintiffs Herbert Cook and Rose Cook Small.
Harry Norman Ball, Philadelphia, Pa., Stanley Nemser of Nemser & Nemser, New York City, for plaintiffs Philip Baron and Ann Nemser.
Allan H. Gordon, Segal, Weiss & Gordon, Philadelphia, Pa., Richard B. Dannenberg and Aaron Lipper of Lipper, Keeley, Katcher, Rowey & Dannenberg, New York City, for plaintiff Rebecca Lowey.
James Francis Lawler, Philadelphia, Pa., for plaintiff Edward Perry.
T. R. White, Jr., White & Williams, Philadelphia, Pa., for defendant Howard Butcher, III, and others.
*437 Donald J. Farage, Philadelphia, Pa., for defendant Penn Central Co., and others.
Harry A. Takiff, Takiff, Bolger & Murphy, Philadelphia, Pa., for defendant Stuart Saunders, and others.
Edward C. German, LaBrum & Doak, Philadelphia, Pa., for defendant David C. Bevan.

OPINION SUR MOTION TO DISMISS PENDENT CLAIMS FOR INSUFFICIENT SERVICE OF PROCESS
JOSEPH S. LORD, III, Chief Judge.
All Penn Central Securities Fraud cases are before this court for pretrial purposes by virtue of the order of the Judicial Panel on Multidistrict Litigation, M.D.L. Docket No. 56. Four defendants in some of the above-captioned actions, Great Southwest Corporation, John E. Chubb, John G. Patten and James J. Wright, have filed motions under F.R.Civ.P. 12(b) (5) to dismiss those claims against them which are non-federal because of insufficient service of process. A fifth defendant, Louis W. Cabot, has also moved to dismiss such state claims because of improper service, the only difference being that he has couched his motion in terms of a motion for summary judgment.[1]
The motions, essentially identical, have been filed on behalf of the defendants in the following actions as indicated:
C.A. 70-2005  Chubb
C.A. 70-2010  Cabot and Great Southwest Corporation
C.A. 70-2505  Cabot
C.A. 70-2596  Cabot and Patten
C.A. 70-2818  Chubb, Patten and Wright
C.A. 70-2933  Cabot
Each of the complaints involved here states federal claims under the Securities Exchange Act of 1934, while many of them also allege violations of the Securities Act of 1933. I read each of the complaints, except C.A. 70-2005,[2] as also containing common law counts asserted on the basis of pendent jurisdiction. Movants were all served with the complaints involved in these actions in states other than Pennsylvania. They allege that such service, with respect to the pendent claims, was improper.
There is no doubt that when a federal claim is asserted that has substance sufficient to confer subject matter jurisdiction on a federal court, the court has the power to decide any related common law claims which are raised to vindicate a violation of the same right. Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148 (1933).
Assuming that such pendent jurisdiction over the subject matter exists in this case, the question raised by this motion is whether when the federal claim is based on a statute providing for nationwide service of process, this special process provision applies to the pendent nonfederal claims as well, or if service with respect to such claims is restricted by the terms of F.R.Civ.P. 4.
Movants do not contest that service of process was proper for the federal claims as it is clear that they could have been served wherever found. 15 U.S.C. § 78aa (Securities Exchange Act of 1934); 15 U.S.C. § 77v (Securities Act of 1933). These statutes by their express terms provide special process requirements only for federal causes of action, as there is no mention whatsoever of pendent state claims. This being so, some courts have concluded that as far as the common law theories of relief are concerned, F.R.Civ.P. 4, which normally determines where defendants may be served, must be controlling. Trussel v. United Underwriters, Ltd., 236 F.Supp. *438 801 (D.Col.1964); Wilensky v. Standard Beryllium Corporation, 228 F.Supp. 703 (D.Mass.1964); International Ladies' Garment Workers' Union v. Shields & Company, 209 F.Supp. 145 (S.D.N.Y. 1962); Lasch v. Antkies, 161 F.Supp. 851 (E.D.Pa.1958).
I think the better view, however, is to read those acts which provide for special service of process for certain federal claims, 15 U.S.C. § 78aa and 15 U.S.C. § 77v, as impliedly extending these process provisions to state claims which are so interrelated as to give rise to pendent subject matter jurisdiction. Schwartz v. Eaton, 264 F.2d 195 (2nd Cir. 1959) (dictum); Kane v. Central American Mining & Oil, Inc., 235 F. Supp. 559 (S.D.N.Y.1964); Cooper v. North Jersey Trust Company of Ridgewood, N. J., 226 F.Supp. 972 (S.D.N.Y. 1964); Townsend Corporation of America v. Davidson et al., 222 F.Supp. 1 (D. N.J.1963). This result is desirable from the standpoint of judicial economy. A defendant suffers no additional burden, since he is already properly before the federal court because of valid service of process as to the federal claims, and must defend against these claims in the federal district court in which the action was brought. There should be little, if any, extra expense and difficulty incurred in being required also to defend against pendent state claims. These claims must involve substantially the same proof as the federal claims, because unless the state and federal claims "derive from a common nucleus of operative fact", pendent subject matter jurisdiction will fail. United Mine Workers of America v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).
If these pendent claims are now barred from being asserted with the federal claims, there would most likely be the unnecessary trial of additional law-suits. Plaintiffs could bring separate suits based on the state claims in each defendant's district where service on these claims would clearly be proper. Such a result would interfere with the policy behind pendent subject matter jurisdiction which "lies in considerations of judicial economy, convenience and fairness to litigants." United Mine Workers v. Gibbs, supra, at 726, 86 S.Ct. at 1139; Note, 63 Col.L.Rev. 762 (1963); Note, 107 U.Pa.L.Rev. 714 (1959).
As I see it, judicial economy here demands, and no considerations of convenience or fairness prohibit the exercise of this court's jurisdiction over the pendent claims.
The motions will be denied.
NOTES
[1] I have serious doubts as to the propriety of a Rule 56 motion to test the validity of service. See 6 Moore's Federal Practice (14 ed. 1970) Sec. 56.03, at 2051-52. I do not reach this question, however, because I have concluded that the motion must be denied on its merits.
[2] Since I don't read this complaint to contain common law counts based on pendent jurisdiction, the motion shall be disregarded with respect to this complaint.