UNITED STATES of America for the Use of MITCHELL BROS. TRUCK LINES, a corporation, Plaintiff,

v.

JEN–MAR CONSTRUCTION CO., a corporation, and The Travelers Indemnity Corporation, a corporation, Defendants.

Civ. No. 63–381.

United States District Court
D. Oregon.

Oct. 17, 1963.

Richard J. Brownstein, White, Sutherland & White, Portland, Or., for plaintiff.

Howard I. Bobbitt, Bobbitt & Ellis, Portland, Or., for defendants.

KILKENNY, District Judge.

The Miller Act, 40 U.S.C. §§ 270a, 270b, forms the basis of plaintiff's two claims for relief;

(1) on a contract alleged to be performed in the State of Oregon, and,

(2) on a contract alleged to be performed in the State of California.

The defendants' motion to dismiss the second claim challenges the right of this Court to adjudicate the rights of the parties under the California contract.

Two questions are raised by the motion.

(1) Whether the requirements of 40 U.S.C. § 270b(b) [1] point to venue or to the fundamental jurisdiction of the Court?

(2) If the requirements are not jurisdictional, whether the fact that defendants were granted an extension of time in which to answer, precludes their right to protest the venue?

1. To my knowledge, the Ninth Circuit has not passed on this issue. The common sense logic and convincing analysis of the problem by Judge Tuttle in

---

1. 40 U.S.C. § 270b(b).

"Every suit instituted under this section shall be brought in the name of the United States for the use of the person suing, in the United States District Court for any district in which the contract was to be performed and executed and not elsewhere, * * *".

Texas Construction Co. v. United States, 236 F.2d 138 (5 Cir. 1956) is highly persuasive and, in my judgment, quite properly decides that the language in issue places a restriction on venue, rather than on the power of the Court to entertain the litigation. The same views are expressed in United States to Use and Benefit of Bailey-Lewis-Williams of Fla., Inc. v. Peter Kiewit Sons Co. of Canada, Ltd., (D.C.D.C.1961), 195 F.Supp. 752. Persuasive, if not controlling, is the fact that the words "venue of suit" were placed in the margin contiguous with subdivision (b) in the initial publication of the Act, 49 Stat. 794.

■■ 2. Now presented for decision is the legal issue on the effect of the defendants asking for and receiving an extension of time in which to file an answer. Plaintiff is of the belief that this action constituted a waiver of defendants' right to challenge the venue. The right to object to venue being a privilege, may be lost by failure to seasonably assert it. Commercial Casualty Insurance Co. v. Consolidated Stone Co., 278 U.S. 177, 179, 49 S.Ct. 98, 73 L.Ed. 252; Hoffman v. Blaski, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960). Like all rules, the rule of waiver must be examined and analyzed in the light of the particular facts presented by each case.

Rule 12(b), F.R.Civ.P., grants to a defendant an absolute right to challenge venue in his answer.[2]

■ Manifestly, the defendants, under this rule, are given the option of presenting the defense of venue, either by motion or by answer. Here, the defendants elected to raise the issue by answer and by motion to dismiss. The defendants' acts in securing an extension of time in which to file a pleading in which they had a right to raise the defense of venue, should not, under any

theory, be viewed as a waiver of such right. The cases decided since the adoption of the Rules of Civil Procedure have uniformly held that the filing of a motion and securing an extension of time does not amount to a waiver of the right to raise, in the answer, the issue of venue. Long v. Victor Products Corporation, 297 F.2d 577 (8 Cir. 1961); Blank v. Bitker, 135 F.2d 962 (7 Cir. 1943); Shall v. Henry, et al., 211 F.2d 226 (7 Cir. 1954).

The motion to dismiss as to the second claim is well founded and said claim should be dismissed without prejudice.

It is so ordered.

---

2. \* \* \* \* \* \*
"(b) Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: \* \* \* (3) improper venue, \* \* \*."
\* \* \* \* \*