**UNITED STATES of America, for the Use and Benefit of ESSEX MACHINE WORKS, INC., Plaintiff,**

**v.**

**RONDOUT MARINE, INC. and the Fibre Glass Boat Corporation, and Maryland Casualty Company of Maryland, Defendants.**

**No. 69 Civ. 4833.**

United States District Court, S. D. New York. March 24, 1970.

Gould, Sivin, Larson & Reardon, Essex, Conn., for plaintiff; James D. Reardon, Essex, Conn., of counsel.

Schechter, Eisenberg & Margolis, New York City, for defendant Rondout Marine.

Hart & Hume, New York City, for defendant Maryland Casualty Co.

MANSFIELD, District Judge.

In this Miller Act suit by a use subcontractor ("Essex") against prime contractors ("Rondout" and "Fibre Glass Boat") and their surety ("Mayland Casualty") pursuant to 40 U.S.C. § 270a, in which the use plaintiff claims an unpaid balance in the amount of $5,945.34, plus interest, costs and attorneys' fees due upon merchandise sold to the prime contractors, the use plaintiff has moved for summary judgment and defendant Maryland Casualty, the surety, has requested that the action be dismissed for lack of venue pursuant to 40 U.S.C. § 270b, which provides:

> "Every suit instituted under this section shall be brought in the name of the United States for the use of the person suing, in the United States District Court for any district in which the contract was to be performed and executed and not elsewhere * * *."

On June 1, 1967, the United States entered into a contract with Rondout, a corporation having its place of business in Connelly, New York, for construction of 20 utility boats, in connection with which Maryland Casualty issued a Miller Act payment bond. The contract was originally to be performed by Rondout in Connelly, New York, but on March 28, 1968, it was formally modified to provide that it would be performed by Fibre Glass in Princeton, Florida. It is unclear whether Fibre Glass was a subsidiary of Rondout, or whether Fibre Glass was merely to act as Rondout's agent in the performance of the contract. After negotiations in late 1967, Rondout issued purchase orders to Essex for the purchase of various component parts for the boats which were the subject of Rondout's prime contract. Later in the same month Rondout advised Essex that the boats were to be constructed in Florida, and a new purchase order was entered into between the parties. From late April 1968, until February 1969, Essex manufactured the components in Connecticut, whence they were transported to Florida. Plaintiff alleges that $5,945.34 remains unpaid on its bill for sale and delivery of the components.

Since the prime contract was to be performed in Princeton, Florida, and not in the State of New York, § 270b mandates that this action be transferred to the Southern District of Florida for prosecution there, unless defendant waived its right to object to the choice of venue here. Electronic & Missile Facilities, Inc. v. United States for Use of Moseley, 306 F.2d 554 (5th Cir. 1962), rev'd on other grounds, 374 U.S. 167, 83 S.Ct. 1815, 10 L.Ed.2d 818 (1963); Texas Constr. Co. v. United States for Use of Caldwell Foundry & Mach. Co., 236 F.2d 138 (5th Cir. 1956); United States for Use of Mitchell Bros. Truck Lines v. Jen-Mar Constr. Co., 223 F.Supp. 646 (D.Or.1963); United States for Use and Benefit of Industrial Eng'r & Metal Fabricators, Inc. v. Eric Elevator Corp., 214 F.Supp. 947 (D.Mass.1963); United States to Use and Benefit of Bailey-

Lewis-Williams, Inc. v. Peter Kiewit Sons Co., Ltd., 195 F.Supp. 752 (D.D.C. 1961); aff'd per curiam, 112 U.S.App. D.C. 99, 299 F.2d 930 (1962); cf. United States for Use and Benefit of Air-Con., Inc. v. Al-Con Dev. Corp., 271 F.2d 904 (4th Cir. 1959); United States for Use and Benefit of Frank A. Trucco & Sons Co. v. Bregman Const. Co., 256 F. 2d 851 (7th Cir. 1958). Contra United States for Use and Benefit of Fairbanks Morse & Co. v. Bero Constr. Corp., 148 F.Supp. 295 (S.D.N.Y. 1957).

■ The requirement that venue be laid in the district where the contract is to be performed was apparently enacted for the benefit of Miller Act defendants. See United States for Use and Benefit of Capolino Sons v. Electronic & Missile Facilities, Inc., 364 F.2d 705, 707 (2d Cir. 1966). Since such suits sometimes involve disputes as to performance, the venue requirement facilitates the subpoenaing of essential witnesses who participated in the work at the contract site. However, the requirement may be waived, see United States to Use and Benefit of Bailey-Lewis-Williams, Inc. v. Peter Kiewit Sons Co., Ltd., 195 F.Supp. 752, 755 (D.D.C.1961), aff'd, 112 U.S. App.D.C. 99, 299 F.2d 930 (1962), and there is every indication that such a waiver would have been the fair and expeditious procedure in the present case. The undisputed circumstances before us make it difficult to avoid the conclusion that § 270b is here being invoked by Maryland Casualty as a procedural roadblock that will have the effect of increasing plaintiff's expenses in its efforts to collect this modest claim, rather than for the reasons intended by the drafters of the statute. However, our hands are tied by the mandatory terms of the venue requirement.

Since we have jurisdiction over the subject matter and personal jurisdiction over the defendant Maryland Casualty, no purpose would be served by requiring the plaintiff's action here to. be dismissed and a new action instituted in Florida, which would necessitate service of process anew and further delay.

Accordingly, we direct that the action be transferred in its present posture to the District Court for the Southern District of Florida, where the prime contract was to be performed, without passing upon plaintiff's motions for summary judgment and a more definite statement of Par. 12 of Rondout's answer, which will be ruled upon by the Southern District of Florida.

Settle order.