**The UNITED STATES of America For the Use and Benefit of the CASWELL EQUIPMENT COMPANY, INC., Plaintiff,**

v.

**FIDELITY AND DEPOSIT COMPANY OF MARYLAND and Sherlock Construction Co., Inc., Defendants.**

Civ. No. 4–79–235.

United States District Court,
D. Minnesota,
Fourth Division.

July 31, 1980.

Michael A. Nekich, Leonard, Street & Dienard, Minneapolis, Minn., for plaintiff.

Robert I. Lang, Lang, Pauly & Gregerson, Minneapolis, Minn., for defendant.

James L. Baillie, Fredrikson, Byron, Colborn, Bisbee & Hansen, Minneapolis, Minn., for intervenor defendant.

## MEMORANDUM AND ORDER

RENNER, District Judge.

This case is before the Court pursuant to the motion of intervenor-defendant Sherlock Construction Co., Inc. (hereinafter, "Sherlock"), to dismiss the action, or in the alternative, to transfer it to the United States District Court for the Northern District of Illinois, Eastern Division. Sherlock contends that venue is both improper under 28 U.S.C. § 1406(a) and inconvenient under 28 U.S.C. § 1404(a).

### I.

This action was commenced by plaintiff Caswell Equipment Company, Inc. (hereinafter, "Caswell"), in this district on May 14, 1979, seeking damages under the Miller Act, 40 U.S.C. §§ 270a et seq., against defendant Fidelity and Deposit Company of Maryland (hereinafter "Fidelity") under a payment

bond required by the Act for the protection of persons supplying labor and materials in the prosecution of work provided for under government contract. Fidelity is surety under such a contract dated September 26, 1977, between the United States and Sherlock, for the modernization of a firing range located at the United States Customhouse in Chicago, Illinois. Caswell seeks $26,766 for labor and materials furnished under its subcontract with Sherlock.

Sherlock commenced a federal counteraction in the Eastern Division of the Northern District of Illinois on January 4, 1980 under the same subcontract seeking $10,596 in damages from Caswell and a declaration that it is not liable to Caswell for amounts claimed by Caswell in this action. That action was stayed on April 28, 1980 by the Honorable Prentice H. Marshall, United States District Judge, Northern District of Illinois, pending resolution of this case. On June 17, 1980 Sherlock intervened in this action and brought the pending motion.

Sherlock's first contact with Caswell came shortly after Sherlock was awarded the prime contract to improve the U.S. Customhouse firing range in Illinois. Spotting Caswell's advertisement in the Chicago classified telephone directory under the heading "Rifle and Pistol Ranges", Sherlock solicited a bid from Caswell for installation of the firing range equipment portion of the project. Caswell thereafter made an oral bid, following which representatives from Sherlock and the government inspected Caswell's operations in Minneapolis. Sherlock subsequently mailed an unsigned agreement to Caswell. The subcontract was signed by Caswell and personally returned to Sherlock's operations manager in Chicago and thereupon executed by him on behalf of Sherlock.

Pursuant to the subcontract, Caswell custom designed, manufactured and installed firing range equipment at the U.S. Customhouse in Chicago. The design and manufacture of the equipment took place in Minneapolis over a 120-day time period. The installation by Caswell in Chicago took only 22 days.

On March 14, 1979 Sherlock notified Caswell that it would not be paid under the subcontract and billed Caswell for amounts it claimed Caswell owed it. This litigation followed.

## II.

■ The venue of Miller Act cases is governed by 40 U.S.C. § 270b(b), which provides, in pertinent part:

> "every suit instituted under this section shall be brought . . . in the United States District Court for any district in which the contract was to be performed and executed and not elsewhere . . ."

This provision was intended to be restrictive. It was enacted for the benefit of defendants, not plaintiffs. *United States for the Use of Harvey Gulf International Marine, Inc. v. Maryland Cas. Co.*, 573 F.2d 245, 248 (5th Cir. 1978); *Electronic & Missile Facilities, Inc. v. United States for the Use of Moseley*, 306 F.2d 554, 556 (5th Cir. 1962), *reversed on other grounds*, 374 U.S. 167, 83 S.Ct. 1815, 10 L.Ed.2d 818 (1963). It is reversible error for a district court to dispose of the merits of a case improperly venued, even absent a showing of prejudice. *United States for the Use of Harvey Gulf International Marine, Inc. v. Maryland Cas. Co., supra.* Nevertheless, improper venue may be waived by failure to interpose timely objection, or it may be varied by contract unless such a variance would be unreasonable under the circumstances. *In re Fireman's Fund*, 588 F.2d 93, 95 (5th Cir. 1979).

■ It is undisputed that the contract provides no variance of the statutory venue terms. Caswell claims, however, that Sherlock's failure to bring this motion earlier constitutes a waiver. The Court does not agree.

While failure to object to venue by motion or in the answer constitutes a waiver, *United States for the Use of Bryant Electric Co. v. Aetna Cas. & Sur. Co.*, 297 F.2d 665, 669 (2nd Cir. 1962), there are no cases which have found a waiver in a factual setting similar to this case.

This action, although commenced on May 14, 1979, did not include Sherlock as a defendant until it intervened on June 18, 1980. Although Fidelity informally notified Sherlock of the suit shortly after it was commenced, Sherlock was never formally served. In the meantime, it commenced an action in Illinois relating to the same subject matter and intervened here less than two months after the Illinois action was stayed. While Sherlock may have delayed somewhat longer than necessary in responding to the lawsuit, it was under no legal obligation to act sooner. Neither has Caswell demonstrated any prejudice resulting from the delay. Under these circumstances, Sherlock's conduct does not constitute a waiver.

■ Caswell's argument that design and fabrication of the firing range equipment in Minnesota constitutes the kind of "performance" contemplated by the statute is likewise without merit. While the court in *United States for the Use of Bryant Electric Co., supra*, pointed out that a change in the statute allowed a Miller Act suit to be venued "in *any* district in which performance would occur" rather than "in *the* district", the court did not follow through with a dispositive holding regarding what constitutes performance. The court merely held that where performance was to occur outside of the United States, a subcontractor could properly venue his Miller Act suit in New York, since, otherwise, the subcontractor would be without a forum at all and the entire purpose of the statute would be defeated. The court specifically noted that no effect on the status or meaning of the performance-district limitation clause could be attributed to the amendment. *Id.* at 668, n.8.

In light of the caselaw interpreting the Miller Act venue requirements, this court is not convinced that "performance" is an ambiguous term or that it can be interpreted as Caswell urges.

In *United States for the Use of Harvey Gulf International Marine, Inc. v. Maryland Cas. Co., supra*, the Fifth Circuit was confronted with appeals relating to three government contracts governed by the Miller Act. Two were to be performed in the Eastern District of Louisiana; one was to be performed in the Western District. All contract disputes, however, were disposed of by the United States District Court for the Eastern District of Louisiana. The defendant's motion to dismiss the latter contract for improper venue was summarily denied by the district court. There was no demonstrable prejudice in having the dispute settled in the Eastern District as opposed to the Western District. Nevertheless, the court of appeals held:

"There is no question that venue was improper, that the defendant did not waive its objection, and that *there is no ambiguity in the language of the venue statute.* We hold that the District Court erred in not dismissing the claim or in the alternative, transferring it to the proper forum pursuant to 28 U.S.C. § 1406(a)." *Id.* at 247. (Emphasis Added.)

In *United States for the Use of Essex Machine Works, Inc. v. Roundout Marine, Inc.*, 312 F.Supp. 846 (S.D.N.Y.1970), the plaintiff subcontractor manufactured all of its boat components in Connecticut, and the prime contractor was located in New York, where the contract for manufacture of utility boats for the U.S. government was originally to be performed. However, following negotiations between the prime contractor and the government and the issuance of purchase orders to plaintiff subcontractor, the government decided it wanted the boats built in Florida, and plaintiff was told to deliver the components there. The court held that since the prime contract was to be performed in Florida, the Miller Act's venue provision mandated that the contract claims arising between the prime contractor and subcontractor be litigated in Florida.

Plainly, the Northern District of Illinois is the district of performance in the instant case, and this lawsuit is improperly venued in Minnesota. In light of this determination, the parties' *forum non conveniens* argument may not even be considered.

Granted, the venue provision of the Miller Act was enacted in part to enhance the convenience of the parties and witnesses, in addition to allowing prime contractors to avoid litigating in multiple forums. Granted as well, *forum non conveniens* arguments tip only slightly in favor of Sherlock, since only non-party witnesses and its own witnesses come from Chicago, and would therefore be an unlikely basis for transferring the case. Nevertheless, Congress, not the courts, has made the determination that in all Miller Act cases venue shall be proper only in the district of performance. The courts have modified the mandate of Congress only to the extent that they have allowed prime contractors, the intended beneficiaries of the venue provision, to waive its benefit or to avoid substantial injustice. Thus, where the prime contractor has not waived the venue provision of the Miller Act, it is inappropriate for a court to weigh the convenience of the parties and witnesses in determining where venue lies, and this Court declines to do so in the instant case.

Upon the foregoing,

IT IS ORDERED that the motion of intervenor-defendant Sherlock Construction Co., Inc., to transfer this action to the United States District Court for the Northern District of Illinois, Eastern Division, is granted.