**UNITED STATES, for the use of NORSHIELD CORPORATION, Plaintiffs,**

**v.**

**E.C. SCARBOROUGH, as Surety, and Dynamic Corporation, as Principal Obligor, Defendants.**

Civil Action No. 2:09cv156–WHA.

United States District Court,
M.D. Alabama,
Northern Division.

May 18, 2009.

Marvin H. Campbell, Montgomery, AL, for Plaintiffs.

Charles Burton Paterson, Joseph Seawell Moore, Balch & Bingham, Montgomery, AL, for Defendants.

## MEMORANDUM OPINION AND ORDER

W. HAROLD ALBRITTON, Senior District Judge.

### I. Introduction

This cause is before the court on Defendants' Motion to Dismiss or, in the Alternative, to Transfer the Case (Doc. # 9), filed on April 9, 2009. The Motion to Dismiss is based on Fed.R.Civ.P. 12(b)(2)—lack of personal jurisdiction and 12(b)(3)—improper venue.

This case is brought pursuant to the Miller Act and involves a dispute over security products supplied for a U.S. Department of State building in Abuja, Nigeria. After reviewing the parties' submissions on the motion requesting dismissal or transfer, the court concludes that the Motion to Dismiss is due to be DENIED, but the Alternative Motion to Transfer the Case is due to be GRANTED.

### II. Applicable Standards

#### A. Motion to Dismiss for Lack of Personal Jurisdiction

In the context of a motion to dismiss for lack of personal jurisdiction in which no evidentiary hearing is held, the plaintiff bears the burden of establishing a prima facie case of jurisdiction over the movant, non-resident defendant. *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir.1988)

(citations omitted). The court must construe the allegations in the complaint as true, to the extent they are uncontroverted by defendant's affidavits or deposition testimony. *Id.* (citations omitted).

#### B. Motion to Dismiss or Transfer for Improper Venue

Under 28 U.S.C. § 1406(a), "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

In the Miller Act Complaint filed in this case, the Plaintiff asserts that venue is appropriate pursuant to 40 U.S.C. § 3133(b)(3)(B). Section 3133(b)(3)(B) provides as follows:

> Venue—A civil action brought under this subsection must be brought—
>
> (B) in the United States District Court for any district in which the contract was to be performed and executed, regardless of the amount in controversy.

### III. Facts

The submissions of the parties reveal the following facts:

Plaintiff Norshield Corporation ("Norshield") is a corporation organized in and with a principal place of business in Alabama. Norshield provides security products for government and private projects such as embassies, courthouses, and office buildings. Relevant to this case, Norshield manufactured security equipment and, for the most part, delivered it in Montgomery, Alabama to Dynamic Corporation.

Defendant E.C. Scarborough ("Scarborough") is an individual surety.[1] Defendant

---

1. The Complaint alleges that E.C. Scarborough is an individual surety whose principal office and place of business is in Annapolis, Maryland. Scarborough's affidavit does not state that his principal office is in Maryland, but Scarborough and Dynamic have jointly requested transfer as an alternative remedy,

Dynamic Corporation ("Dynamic") is organized in the District of Columbia with its principal place of business in Hyattsville, Maryland. Scarborough as surety, and Dynamic, as principal obligor, executed a payment bond in favor of the United States of America to guarantee payment for equipment, materials, and labor used in the construction of the New Office Annex of the U.S. Department of State in Abuja, Nigeria.

In March of 2007, Dynamic issued a purchase order for security products which provided that the products would be delivered F.O.B. Montgomery, Alabama. Norshield alleges that it has furnished products which it has invoiced to Dynamic and for which it has not been paid. Norshield alleges that it notified Scarborough and the Department of State that Norshield has not been paid by Dynamic. Norshield also states that Scarborough, through the risks/claims manager, IBCS Group, Inc., has declined to make payment to Norshield.

Norshield demands judgment in the amount of $777,182.00 plus pre-judgment interest, applicable penalties, and other relief.

## IV. *Discussion*

█ The Defendants raise the following three arguments in support of their motion to dismiss and alternative motion to transfer: that due process is violated by proceeding against the Defendants in this court; that even if there is nationwide service of process under the Miller Act, the exercise of personal jurisdiction over the Defendants in this court does not comport with due process protection under the Fifth Amendment; and that this case should be dismissed or transferred to the United States District Court for the Dis-

trict of Maryland because venue is improper in this district.[2]

The court begins with the latter of these arguments because, even assuming personal jurisdiction can properly be exercised in this case within the requirements of the Fifth Amendment, the case cannot proceed in this court if venue is improper, as the Defendants have contended. If a "venue issue renders the personal jurisdiction problem moot, thus avoiding the need to address constitutional questions, consideration of venue before personal jurisdiction is appropriate." *Corbello v. Devito*, No. 1:07cv985, 2008 WL 2097435, *2 (E.D.Tex. May 19, 2008); *see also Leroy v. Great Western United Corp.*, 443 U.S. 173, 180, 99 S.Ct. 2710, 61 L.Ed.2d 464 (1979) (holding "when there is a sound prudential justification for doing so, we conclude that a court may reverse the normal order of considering personal jurisdiction and venue.").

As quoted above, the Miller Act provides as follows:

Venue—A civil action brought under this subsection must be brought—

\* \* \* \* \* \*

(B) in the United States District Court for any district in which the contract was to be performed and executed, regardless of the amount in controversy.

40 U.S.C. § 3133(b)(3).

The Defendants argue that venue is improper in this case in the United States District Court for the Middle District of Alabama because it is undisputed that no contract was executed or performed in Alabama. The Plaintiff responds that all of its manufacturing occurred in Montgom-

---

identifying the federal district court for the District of Maryland as the appropriate venue.

2. The Defendants have also alternatively requested transfer of venue to the United States District Court for the District of Maryland on the basis of convenience.

ery, Alabama, and that delivery of the equipment to Dynamic was largely made in Montgomery, Alabama.

Binding authority establishes that the "venue provision of the Miller Act is a restrictive one, enacted for the benefit of defendants, not plaintiffs." *United States ex rel. Harvey Gulf Internat'l Marine, Inc. v. Maryland Cas. Co.*, 573 F.2d 245, 248 (5th Cir.1978).[3] "Therefore, the statute must be strictly construed, even more so than in the case of a general statute." *Id.* In the *Harvey Gulf* case, the court concluded that venue was improper as to claims which were brought based on the third of three contracts because the case was not brought in the United States District Court for the district of the location of the Government project where the third contract was to be performed. *Id.* at 247.

The *Harvey Gulf* decision of the former Fifth Circuit built on an understanding of the Miller Act as expressed in earlier cases. For example, in *United States Fid. and Guaranty Co. v. Hendry Corp.*, 391 F.2d 13 (5th Cir.), *cert. denied*, 393 U.S. 978, 89 S.Ct. 446, 21 L.Ed.2d 439 (1968), the court engaged in an extensive discussion of the history of the Miller Act as distinguished from a previous act. The court noted that although the Miller Act's system of posting separate performance and payment bonds "eliminated the necessity that Miller Act suits be limited to a single forum, Congress retained that requirement." *Id.* at 19. The court explained that the rationale for this was that "[n]ot only would such a limitation in itself tend to maximize the convenience of the defendant, but by bringing a number of actions together in the same court it would facilitate the consolidation of many actions." *Id.*

Applying these principles, and the *Harvey Gulf* decision, in a more recent case, a district court within the Fifth Circuit concluded that, even though a subcontractor performed its subcontract by renting a boat in one district in Louisiana, venue was proper in a district in Alabama which included the project site of the Government project for which the boat was used. *See United States ex rel. Suard Barge Services, Inc. v. Weeks Marine, Inc.*, No. Civ. A. 99–1006, 1999 WL 412429 at *2, 3 (E.D.La. June 17, 1999); *see also United States ex rel. Cal's A/C and Electric v. The Famous Constr. Corp.*, 982 F.Supp. 1219, 1219 (W.D.La.1997) (stating that Miller Act venue is proper in the federal district court in which the project is located). Other courts outside of the Fifth Circuit have reached a similar conclusion. *See United States ex rel. Straightline Corp. v. CNA Surety*, 411 F.Supp.2d 584, 585 (W.D.Pa.2006)(stating that courts have generally limited venue for a Miller Act claim "to the district in which the government project is located."); *United States ex rel. Essex Mach. Works v. Rondout Marine, Inc.*, 312 F.Supp. 846, 847 (S.D.N.Y.1970) (Miller Act venue is where the prime contract was to be performed); *United States ex rel. Fairbanks Morse and Co. v. Bero Constr. Corp.*, 148 F.Supp. 295, 298 (S.D.N.Y.1957) (stating that the contract to be "performed and executed" is the contract between the principal contractor and the Government "in connection with which the payment bond in suit was posted.").

Some courts interpreting the venue provision of the Miller Act have engaged in an analysis of how much of a subcontractor's work was performed in a particular location. *See United States ex rel. Caswell*

---

**3.** In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*), the Eleventh Circuit adopted as binding prece-dent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

*Equip. Co., Inc. v. Fid. and Deposit Co. of Md.*, 494 F.Supp. 354, 357 (D.Minn.1980). Even when courts have examined the percentage of the subcontract work performed at various locations, however, the majority of them have concluded that venue is proper in the district where the project which is the subject of the prime contract is located, even if most of the subcontractors' work was performed elsewhere. *See Straightline*, 411 F.Supp.2d at 585; *Caswell*, 494 F.Supp. at 357.[4] Therefore, while these courts have not expressly adopted an interpretation of the Miller Act that the district including the location of the Government project is the proper venue, the result achieved in those cases is consistent with such an interpretation.

 Based on binding authority requiring that the court construe the venue provision of the Miller Act in favor of the Defendants, and based on the position of a majority of courts analyzing the venue provision, with which this court agrees, this court interprets the Miller Act venue provision as stating that venue is proper in any district court in the United States where the prime contract for the Government project is performed and executed; namely, the location of the Government project site.

 An additional issue is presented by the facts in this case, however, because the Government project was not located within the United States, but in Nigeria. Other circuits have determined that when a Government project is located outside of the United States, recovery under the Miller Act is not barred on that basis, and that venue is proper where the defendant's principal place of business is located. *See United States ex rel. Skip Kirchdorfer, Inc. v. M.J. Kelley Corp.*, 995 F.2d 656, 659 (6th Cir.1993); *United States ex rel. Bryant Elec. Co., Ltd. v. Aetna Cas. & Surety Co.*, 297 F.2d 665, 669 (2d Cir.1962). This court agrees with those holdings, and believes that the Eleventh Circuit Court of Appeals would, also. The evidence before the court is that the principal place of business of Dynamic Corporation is in Maryland.[5] The Defendants note that transfer to the District Court for the District of Maryland, rather than dismissal, may be in the interest of justice. *See* Doc. # 10 p. 16. The court agrees that transfer, rather than dismissal, is in the interest of justice in this case. Accordingly, the court finds it appropriate to transfer this case to the United States District Court for the District of Maryland.

## V. *Conclusion*

For the reasons discussed, it is hereby ORDERED as follows:

1. The Alternative Motion to Transfer the Case (Doc. # 9), is GRANTED pursuant to 28 U.S.C. § 1406(a), for improper venue.

2. The Motion to Dismiss for lack of personal jurisdiction (Doc. # 9) is DENIED as moot.

4. In the one case cited by the Plaintiff to support its argument regarding venue, venue was held to be proper, based on location of the performance of the subcontract, in a district other than a district where the government project was located. *See United States ex rel. Expedia, Inc. v. Altex Enter., Inc.*, 734 F.Supp. 972, 974 (M.D.Fla.1990). That case, however, has been characterized as applying a minority position. *See United States ex rel. Straightline Corp.*, 411 F.Supp.2d at 585; *McClure Estimating Co. v. H.G. Reynolds Co.,*

*Inc.*, 136 N.C.App. 176, 523 S.E.2d 144, 148 (1999)(examining federal case law interpreting the Miller Act in the interpretation of a state statute). This court is not persuaded that the minority rule is consistent with the applicable rule of statutory interpretation outlined in binding precedent.

5. As earlier noted, the Defendants request transfer to the District of Maryland on behalf of both Dynamic and individual surety Scarborough.

3. In the interest of justice, pursuant to 28 U.S.C. § 1406(a), this case is hereby transferred to the United States District Court for the District of Maryland.

4. The Clerk is DIRECTED to take all steps necessary to effect this transfer.